## 40654. POWELL v. THE STATE.

WELTNER, Justice.

Powell shot and killed Freddie Lee Burns with a handgun. He was convicted of felony murder and sentenced to life imprisonment.[1]

There was evidence that Powell and Burns robbed a certain Davis at gunpoint. They fled, Davis pursued, and in an ensuing struggle, Powell shot and killed Burns and shot himself in the hand. He sought treatment at a hospital, and was arrested.

1. Although the question was not raised on appeal, we address the sufficiency of the evidence. At trial, Powell denied involvement in either the robbery or the shooting of Burns. However, there was evidence that Powell used a .38 calibre revolver in the alleged robbery and afterwards disposed of the gun in a nearby wooded area. The

---

[1] The guilty verdict was returned on 9/24/82; no motion for new trial was filed. Following the grant of an extension of time, the notice of appeal was filed in the trial court on 3/15/83. The transcript of evidence was filed on 1/9/84 and the case was argued in this court on 2/14/84.

police found the gun and removed a .38 calibre projectile from Burns' body. Upon arrest, a gold bracelet and watch belonging to Davis were found in Powell's pockets. In statements to the police, Powell admitted his participation in the robbery. We conclude that a rational trier of fact could have found Powell guilty beyond a reasonable doubt of the crime charged. Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

2. Powell contends that the trial court erred in finding that his statements were free and voluntary. At a Jackson-Denno hearing, Powell testified that he was advised twice of his Miranda rights, but was denied the use of a telephone, threatened by the police, and interrogated after requesting an attorney. He contends that his statements were involuntary as he was suffering from a wounded hand, was under the effects of Demerol, a drug, was but 18 years old, and had a limited education.

The detectives testified that they advised Powell of his constitutional rights, and ceased all questioning when he invoked his right to counsel. Later, without further questioning, Powell voluntarily made an incriminating statement to Detective Gresham. Forty-five minutes later, Detectives Gresham and Terrell returned to the hospital, reminded Powell of his constitutional rights, and Powell volunteered a second statement. A nurse from the hospital and both detectives testified that Powell was alert and lucid, even after receiving medication.

After a lengthy hearing involving testimony from six witnesses, the trial court ruled that Powell's statements were knowing and voluntary.

" 'Factual and credibility determinations made by a trial judge after a suppression hearing are accepted by appellate courts unless clearly erroneous.' " *Cox v. State,* 248 Ga. 713 (1) (285 SE2d 687) (1982), citing *Young v. State,* 243 Ga. 546, 548 (255 SE2d 20) (1979). Powell's reliance upon *Williams v. State,* 238 Ga. 298 (1) (232 SE2d 535) (1977), is misplaced, as that case pertains to statements of juveniles. See *Riley v. State,* 237 Ga. 124 (226 SE2d 922) (1976). We find no error by the trial court.

3. Powell alleges that he was not given a complete summary of all relevant and material portions of his statements prior to trial.

Pursuant to pre-trial motion, the state provided him with the following statements: ". . . I shot again and the man with the shotgun bent over and fell down, and the gun went off again, then my partner fell down or words to that effect."

Before the jury, a detective testified as to Powell's statements: "Here come a man with a shotgun, and I shot again. But the man with the shotgun went over and fell down. And the gun went off again, and

my partner fell down." Another detective testified: "Next time — [Powell] said he didn't know, seemed like the gun went off again . . . [t]hen Freddie fell down."

OCGA § 17-7-210 (b) (Code Ann. § 27-1302) provides: "If the defendant's statement is oral or partially oral, the prosecution shall furnish, in writing, all relevant and material portions of the defendant's statement." As to any evidence presented to the jury, the state complied fully with the requirements of the statute. As to any divergence between the written summary and the oral testimony before the Jackson-Denno hearing (out of the presence of the jury, of course), such would be irrelevant.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 14, 1984.

*Dietrick, Evans & Chestney, William P. Evans, Daniel Duke,* for appellant.

*Lewis R. Slaton, District Attorney, Margaret V. Lines, Richard E. Hicks, Assistant District Attorneys, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.