## 40780. HUNTER v. THE STATE.

MARSHALL, Presiding Justice.

The appellant, Robert Laverne Hunter, was convicted of the murder of Sherman O'Neal Black. Although the state sought the death penalty, the jury sentenced the appellant to life imprisonment. This is his appeal.

The evidence showed the following: The victim and Allen Aylsworth were partners in Handcrafted Furniture, Inc., a furniture manufacturing business with plants in Calhoun and Adairsville, Georgia. Aylsworth conspired with two of Handcrafted Furniture's employees, the appellant and one James Couch, to kill the victim in order to obtain insurance obtained through the business on his life. The victim's corpse was found in the Adairsville plant on the night of February 18, 1983. Medical testimony established the cause of death as massive brain injury inflicted by multiple blows to the head with a blunt instrument, the blows being of such force as to cause brain tissue to exude from the head. Other injuries included abrasions to the shoulders, knees, and chest.

Joe Shepherd, another employee of Handcrafted, testified that Aylsworth had approached him in late 1982 about killing Black, and that the original plan was to electrocute Black by causing him to put his hand in an open fuse panel in one of the rooms at the Adairsville plant. Shepherd further testified that on the day of February 18, Aylsworth told him that he, Aylsworth, as well as the appellant and Couch, were going to kill Black that night. Later during that day, the appellant told Shepherd that the fuse-box plan was not feasible, and the appellant asked Shepherd if he was going to help with the murder. Shepherd testified that he left the plant at approximately 5:00 p.m.,

not wanting to get further involved.

Couch testified that after the remaining employees had left the plant on February 18, he and the appellant joined Aylsworth and Black in one of the rooms. Aylsworth stated, "Do it now." As the appellant and Aylsworth were on either side of the victim, Couch came up behind him and hit him with an 8" by 10" board. Although Black was stunned, he retained consciousness. He asked what was happening and attempted to flee. Couch testified that he then froze and could not do anything more. Couch further testified that the appellant and Ayslworth then began to wrestle with Black, and the three of them ended up in another room. A few minutes later, Couch walked into the room, and he saw Black lying inside the door. Aylsworth took a ring from Black's finger to make it look like a robbery. The three men then left the plant and went home.

During the investigation of this case, the GBI fitted Shepherd with a taping device, and a conversation was recorded between him and the appellant in which the appellant admitted committing the murder.

In this appeal, the appellant's sole argument is that the trial court erred in overruling his challenge to the composition of the grand jury that indicted him, on the ground that it underrepresented persons of younger age, i.e., persons between the ages of 18 and 40.

We hold that the trial court did not err in overruling this jury challenge, in view of the fact that we have repeatedly held that young persons do not constitute a "distinct and identifiable group in the community." E.g., *Mincey v. State,* 251 Ga. 255, 260 (7) (304 SE2d 882) (1983) and cit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 4, 1984.

*C. Gregory Culverhouse,* for appellant.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.