## 41699. COUCH v. THE STATE.
(325 SE2d 366)

WELTNER, Justice.

Couch was found guilty of murder, armed robbery, and motor vehicle theft. He was sentenced to life imprisonment for murder, life imprisonment for armed robbery, and twenty years imprisonment for car theft.[1]

1. Couch, who was sixteen at the time of the crime and at trial, contends that the trial court improperly refused to transfer his case to juvenile court. No delinquency petition was filed, and the superior court was not required to hold a transfer hearing. *Lewis v. State*, 246 Ga. 101 (268 SE2d 915) (1980). Even so, a hearing was held, at which a psychiatrist testified that Couch was "less mature, less adequate, and more passive" than the normal sixteen-year-old person. The grand jury indicted Couch for the murder of Chandra Idnani, who died as a result of the infliction of more than one hundred stab wounds.

Under OCGA § 15-11-5 (b), superior courts have concurrent jurisdiction with juvenile courts over a person who commits a crime punishable by life imprisonment or death. Normally in such cases, the first court to take jurisdiction will retain it. *Relyea v. State*, 236 Ga. 299 (223 SE2d 638) (1976). Because the superior court first exercised jurisdiction, it was not required to transfer the case to juvenile court. This enumeration is without merit.

2. Couch insists that the trial court erred in excluding evidence regarding the circumstances of his childhood, his emotional maturity and his mental capacity, maintaining that it would have shown that he had the *mental* age of a ten-year-old child. This evidence was proffered for the sole purpose of showing that Couch was incapable of forming the requisite intent under OCGA § 16-3-1, which provides that "[a] person shall not be considered or found guilty of a crime

---

[1] The crime was committed on February 17, 1984. Couch was convicted on June 12, 1984. He filed a motion for new trial on June 20, 1984, which was denied on August 3, 1984. He filed a notice of appeal on August 10, 1984. The transcript was filed July 17, 1984, and the appeal docketed in this court on November 6, 1984. The case was submitted on December 21, 1984.

unless he has attained the age of 13 years at the time of the act. . . ."

The age referred to in the code section is, of course, biological age. Nothing evidences a legislative intent to refer to "mental age" — if, indeed, such a thing could ever be determined.

Because at no time did Couch contend that he was not guilty by reason of insanity, or that he was guilty but mentally ill, the evidence properly was excluded as irrelevant.

3. In his opening argument, Couch's attorney announced that he would present evidence to show that Couch lacked the necessary criminal intent to commit the crimes — a reference to the evidence discussed in Division 2. During closing argument the district attorney asked, "[w]here is all this psychiatric testimony they told you you would hear about?" Couch assigns as error the failure to order a mistrial because of the prosecutor's comment during closing argument. Because Couch's counsel initially alluded to such factual material (and bearing in mind the broad latitude of closing argument) the prosecutor's rhetorical question was not improper comment. See *Conner v. State*, 251 Ga. 113, 122-123 (303 SE2d 266) (1983).

4. Couch challenges the composition of the grand jury, claiming that persons under 24 years of age were not represented adequately in the grand jury pool.

We have consistently held that young persons do not constitute a cognizable class for purpose of a challenge to the array of a grand jury. *Hunter v. State*, 252 Ga. 425 (314 SE2d 102) (1984); *Orkin v. State*, 236 Ga. 176, 190 (223 SE2d 61) (1976); *White v. State*, 230 Ga. 327 (1) (196 SE2d 849) (1973). This enumeration is without merit.

5. The final enumeration of error is that the trial court erred in admitting two tape-recorded statements made by Couch.

Couch contends that he was deeply depressed at the time of the first statement; that he was but sixteen years old, and had only a seventh grade education; that he had consumed large quantities of alcohol and amphetamines, and had used marijuana within the preceding 24 hours; that he recently received local anesthesia for several surgical stitches (he cut his leg while stabbing his victim to death); and that his parents were not present at the time.

The question of voluntary and knowing waiver of rights by a juvenile depends upon an analysis of nine factors, which include age and education; length, time, and method of interrogation; and the understanding of the accused as to the charges against him. *Howe v. State*, 250 Ga. 811 (301 SE2d 280) (1983); *Marshall v. State*, 248 Ga. 227 (282 SE2d 301) (1981); *Riley v. State*, 237 Ga. 124 (226 SE2d 922) (1976). Couch was employed and emancipated. Repeatedly, he was advised of the nature of the charges against him and given Miranda warnings. Before each statement, he signed waiver forms, refused an attorney, and stated he did not want to involve his parents in the

situation. There was no showing of coercion or intimidation, and Couch did not repudiate his statements. Jackson v. Denno hearings were held regarding both statements.

Considering all the circumstances surrounding both of the statements, we cannot say that the trial court's determination of admissibility was clearly erroneous. *Powell v. State*, 252 Ga. 297 (313 SE2d 90) (1984).

*Judgment affirmed. All the Justices concur, except Hill, C. J., who concurs in the judgment only, as to Division 3.*

DECIDED JANUARY 30, 1985.

*Bobby Lee Cook, Jr.*, for appellant.
*Darrell E. Wilson, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.*, for appellee.