70899. DUNCAN v. THE STATE.
(337 SE2d 433)

BEASLEY, Judge.

Defendant was convicted by a jury of rape and kidnapping with bodily injury. He was sentenced to life imprisonment after the court merged the kidnapping with the rape.

1. Defendant challenges that the evidence and weight of the evidence are contrary to the verdict and that the verdict is contrary to law. This court may only determine if there is sufficient evidence to authorize the judgment. *Thomas v. State,* 173 Ga. App. 810, 812 (2) (328 SE2d 422) (1985).

The state's evidence reflects that the victim was walking home late at night when she passed defendant and three co-defendants on the street. Defendant grabbed her and took her to a wooded area where the four men raped her. The three co-defendants testified that they were out "celebrating" with defendant when they came upon a man on the roadside whom they assaulted. They proceeded on their way and passed the victim. Defendant grabbed her, took her into the bushes, and all four men raped her. Wright, the man who was assaulted prior to the rape, named defendant to the police as one of his assailants. After his arrest, defendant confessed the rape. He later gave a signed statement in which he admitted that he was with the three co-defendants, assaulted Wright, and upon passing the victim in the street, "picked her up, took her in the bushes . . . holding her arms . . . and had sex with her."

Despite the fact that the victim was unable to make a positive identification of defendant and that he introduced an alibi, viewing the evidence in a light most favorable to the verdict, there was sufficient evidence from which a jury could have found defendant guilty

beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The jury was not bound to believe defendant's witnesses and disbelieve the state's witnesses. *Ridley v. State*, 236 Ga. 147, 149 (1) (223 SE2d 131) (1976). Identification by the victim was not necessary to convict; circumstantial evidence may be sufficient to prove defendant guilty beyond a reasonable doubt. *Cole v. State*, 156 Ga. App. 6, 7 (3) (274 SE2d 64) (1980); *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

2. Defendant next asserts that the trial court erred in admitting over objection a statement which he allegedly dictated to a police department secretary, as it was the product of an illegal arrest and was "induced and coerced" and "not freely and voluntarily given." Defendant also denies having confessed to the rape, although he admits giving a statement regarding the Wright incident to police for transcription.

The arrest was illegal, he says, due to a defective arrest warrant. Assuming without deciding that defendant's confession was obtained subsequent to an illegal arrest, it does not necessarily follow that the confession should have been suppressed. *Thompson v. State*, 248 Ga. 343, 344 (2) (285 SE2d 685) (1981). A "totality of the circumstances" test is to be applied in reviewing the determination of the trial court as to whether defendant's statement was voluntary. Id.

A *Jackson-Denno* hearing was held outside the presence of the jury. A police officer testified that defendant was twice advised of his *Miranda* rights, once at defendant's home at the time of his arrest, when defendant was told he was wanted for questioning with regard to the Wright assault, and once at police headquarters. Defendant indicated to him that he understood these rights. He stated that defendant confessed to the rape upon being questioned about it and the Wright incident at the police station. He testified that in his opinion the confession was freely and voluntarily made. Defendant was then brought to a secretary's office to dictate his confession for transcription, at which time he signed a waiver of right to counsel. The officer stated that defendant read his statement, once transcribed, initialed and signed it, and that at no time were any threats or promise made to him. Another officer present during questioning testified that defendant was not threatened and that defendant read the transcribed statement before initialing and signing it. The secretary who transcribed the statement testified that the recorded statement was a true and accurate transcription of defendant's statement and that defendant was not threatened in her presence.

Defendant claims the statement was not freely and voluntarily made. He testified that he was handcuffed to a filing cabinet and that the handcuffs were later adjusted so tightly that his arm bled. He stated that he was told it would be a waste of time if he refused to

sign the waiver and that he would be beaten if he refused. He also testified as to other police threats.

The trial court determined that the confession was made knowingly and voluntarily. "On appellate review, such a determination must be accepted unless it is clearly erroneous." In this case, it is not, giving due regard to the credibility issue being before the trial court and not this court.

Although defendant admits giving a statement to a secretary for transcription, he denies that the part of the written statement about the rape was from his dictation. He denies ever having made a statement to the police admitting the rape. Whether the transcribed statement was an accurate reflection of defendant's statement was a jury question. The fact that there was conflicting evidence does not affect its admissibility, merely its credibility. *Pealor v. State*, 165 Ga. App. 387 (299 SE2d 904) (1983).

Contrary to inferences raised by defendant, his age of 17 does not affect the admissibility of the statement. He does not fall within the definition of "child" under OCGA § 15-11-2. Therefore, as an adult he is not entitled to the higher degree of court scrutiny awarded juveniles in determining the "knowing and voluntariness" of their confessions. See *Manning v. State*, 162 Ga. App. 494, 495 (2) (292 SE2d 95) (1982). We find no authority, and defendant cites none, for his suggestion that a seventeen-year-old adult, subsequent to his arrest, has the right to speak with his parents upon request.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 30, 1985.

*Charles M. Leverett*, for appellant.
*Willis B. Sparks III, District Attorney, Sharon T. Ratley, Thomas J. Matthews, Assistant District Attorneys*, for appellee.