A89A0606. GOLDEN v. THE STATE.
(384 SE2d 258)

POPE, Judge.

Rashunda Denise Golden was convicted of voluntary manslaughter in the shooting death of her mother. On appeal, she contests the trial court's finding that her pre-trial statements were made voluntarily. *Held*:

On the evening of July 2 or in the early morning of July 3, 1987, Frances Golden was shot to death in her bedroom. Appellant, was 17 at the time of the shooting and her sister was 14. Police interviewed appellant on the morning of July 3, and again on July 10 to see if she remembered anything else, but appellant was not considered a sus-

pect at the time of these interviews and no *Miranda* warnings were given on either occasion. However, there were inconsistencies in her statements and police decided to talk to her again. On July 14, appellant was advised that she was a suspect. Appellant was brought to the police station by her uncle. She was interviewed alone with Detective Thomas and Glenn Foster, a consultant to police who is an expert in interview techniques. Lieutenant Bradley listened to the proceedings through an intercom. Detective Thomas read appellant her *Miranda* rights. She acknowledged that she understood her rights and signed a waiver and the interrogation proceeded. Police then took appellant through her statement again and taped the interview. During the interview, appellant admitted that she shot her mother. Appellant further stated that she and her sister were upset at the mother because she had disciplined them for allowing boys to visit them at their home when the mother was at work and that they concluded that they were going to have to do something about their mother if they were ever going to be able to have any freedom or fun or the opportunity to see friends. She again was given *Miranda* warnings and again acknowledged that she understood. The interview was interrupted while police went to search for the gun used in the crime and then resumed when they returned. Appellant was reminded of the previous *Miranda* warnings before completing the taped interview. At one point, appellant asked to see her uncle, but was told she could not see him until the interview was complete. At the time of the interview, appellant was 17, had completed the 11th grade and had a verbal intelligence of 83. At the *Jackson-Denno* hearing, appellant testified and a psychologist who had examined appellant also testified. The thrust of his testimony was that appellant was not capable emotionally and intellectually of understanding the *Miranda* warnings. *Held*:

"Factual and credibility determinations made by a trial judge after a suppression hearing are accepted by appellate courts unless clearly erroneous." (Citations and punctuation omitted.) *Powell v. State*, 252 Ga. 297, 298 (313 SE2d 90) (1984). "Contrary to inferences raised by [appellant], [her] age of 17 does not affect the admissibility of the statement. [She] does not fall within the definition of 'child' under OCGA § 15-11-2. Therefore, as an adult [she] is not entitled to the higher degree of court scrutiny awarded juveniles in determining the 'knowing and voluntariness' of their confessions." *Duncan v. State*, 176 Ga. App. 652, 654 (337 SE2d 433) (1985). See also *Birt v. State*, 170 Ga. App. 57 (316 SE2d 169) (1984).

Nor do we find that appellant's IQ of 83 precludes a finding that she understood her rights and knowingly waived them. "A mere showing that one who confessed to a crime may have suffered from some mental disability is not a sufficient basis upon which to exclude the statement. Our courts have approved statements from defendants

with similar and lower IQs." (Citations and punctuation omitted.) *Marshall v. State*, 248 Ga. 227, 229 (282 SE2d 301) (1981). Appellant did not have a right to have her uncle present during the interviews. See *Marshall*, supra at (3); *Duncan*, supra at 654.

The record supports the finding that the interviews of July 3 and July 10 were admissible because appellant was not a suspect and *Miranda* warnings were not necessary. It does not matter that the interviews were conducted at the police station. *Hardeman v. State*, 252 Ga. 286 (1) (313 SE2d 95) (1984).

Having examined the record, we find that the trial court correctly concluded from a totality of the circumstances that the statements were made knowingly and voluntarily and were admissible.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JULY 10, 1989.

Gordon Hiles, for appellant.
William G. Hamrick, Jr., District Attorney, for appellee.