A02A2282. BROWN v. THE STATE.
(578 SE2d 188)

MIKELL, Judge.

Elmore Brown, Jr. appeals the trial court's order denying his motion to withdraw his guilty plea to child molestation, contending that he did not knowingly or voluntarily enter the plea because he was impaired by medication at the time. We affirm.

---

> When a defendant enters a plea of guilty, and subsequently challenges the validity of the guilty plea, the [s]tate may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea. . . . The trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice. Uniform Superior Court Rule (USCR) 33.12.[1]

The trial court's ruling on a motion to withdraw a guilty plea will not be disturbed on appeal absent a manifest abuse of discretion.[2]

We discern no abuse of discretion in the case at bar. The transcript of the guilty plea proceeding reveals that prior to accepting Brown's plea, the trial court inquired whether he was under the influence of any drugs, medicine, or alcohol. When Brown responded, "no alcohol but medicine," the court asked: "Does the medicine that you take make you unable to know and understand what's taking place today?" Brown replied, "No, sir." After asking the remainder of the requisite questions of Brown,[3] including whether he understood that the sentencing range was from five to twenty years, the court inquired of defense counsel whether there was "any reason why the Court should not accept the plea of guilty as being freely and voluntarily entered." Defense counsel responded, "No, sir." Counsel argued in mitigation of sentencing that Brown had suffered a cerebral hemorrhage prior to committing the crime in 1999, was permanently disabled, and took medication that affected his sex drive. Three witnesses testified on Brown's behalf.

After hearing evidence in mitigation, the trial court informed Brown that in light of his prior conviction from 1978 and the victim's statement in the instant case, the court would not consider probation as an option. The court called for a recess, and defense counsel conferred with Brown. After the recess, counsel announced that Brown was ready to proceed with the plea. The court offered Brown an opportunity to speak, and he informed the court that the dosage of his medication had been doubled in confinement, causing swelling. The court sentenced Brown to twenty years, fifteen to serve and five on probation. At no time did Brown or trial counsel indicate that the medication affected Brown's competency to enter the plea.

---

[1] (Citations omitted.) *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998).

[2] *Reese v. State*, 242 Ga. App. 204 (529 SE2d 196) (2000).

[3] See Uniform Superior Court Rules 33.7, 33.8, 33.9.

Trial counsel withdrew, and new counsel was appointed to represent Brown. Newly appointed counsel filed a motion to withdraw the plea, asserting that Brown was not fully informed of the consequences and did not enter the plea freely and knowingly. Brown was the only witness at the hearing held on the motion.[4] He claimed that he was "dizzy" during the plea hearing, but that trial counsel advised him to withhold this information from the court. Brown further insisted that he signed and initialed the guilty plea petition waiving his rights only because trial counsel advised him that he would be sentenced to life in prison if he did not plead guilty. Trial counsel was not called as a witness. The court denied the motion, ruling that Brown had failed to sustain his burden of showing that withdrawal of the plea was necessary to prevent a manifest injustice.

We find no error. As the final arbiter of the facts, the trial court's determination of Brown's credibility will not be disturbed. The record contains no evidence, other than Brown's own self-serving statements during the hearing on his motion to withdraw the plea, that he labored under any impairment at the time of the plea proceeding. To the contrary, Brown appeared in possession of his faculties, as demonstrated by his argument that the court should discount his prior conviction because it had occurred 23 years earlier. In addition, the trial court warned Brown that he would not receive probation and gave him ample opportunity to withdraw the plea prior to pronouncing sentence. The plea petition and the transcript of the plea proceeding show that Brown was informed that the maximum sentence was 20 years. The state has demonstrated that he was cognizant of all of the rights he was waiving and the possible consequences of his plea.[5]

Brown argues that the trial court had an affirmative duty to make further inquiry into the effect of his medication on his ability to understand the proceedings. No authority is cited in support of this proposition, and our research reveals none in this state. However, the Wisconsin Supreme Court has considered and rejected a similar argument.

> Defendant contends, however, that regardless of any actual or claimed impairment, the trial judge should have taken affirmative steps to make additional inquiry into the possibility of drug-related impairment, in spite of the fact that no

---

[4] Although no other evidence appears in the record, the transcript indicates that a list of Brown's medications was proffered to the court.

[5] See, e.g., *Clark v. State*, 249 Ga. App. 722 (549 SE2d 520) (2001) (defendant failed to show that antidepressant medication she was taking affected her ability to understand the rights she was waiving or the consequences of her plea).

request was made at the time of the plea, and in spite of the fact that no evidence of actual impairment was offered. The record shows no actual impairment of faculties nor any behavior which would lead the trial court to suspect such impairment. On the contrary, the record conclusively demonstrates that the defendant was composed and intelligently participated in all of the proceedings. He was represented by competent counsel.[6]

The same circumstances are present in the instant case. Despite receiving ample opportunity, Brown offered no indication to the trial court that he suffered from a medication-induced impairment. To the contrary, he represented to the court that the medicine did not affect his ability to understand the proceedings. No further inquiry was required. The trial court did not abuse its discretion in denying the motion to withdraw the plea.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 11, 2003.

*Ellis R. Garnett*, for appellant.

*Daniel J. Craig, District Attorney, Kristina G. Connell, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

---

[6] *Melby v. State*, 70 Wis.2d 368, 378 (234 NW2d 634) (1975).

