A03A2396. SMITH v. THE STATE.
(596 SE2d 230)

MILLER, Judge.

Ulysses Holland Smith was convicted on two counts of theft by taking. This court affirmed his convictions in *Smith v. State*, 255 Ga.

App. 580 (565 SE2d 904) (2002). On March 11, 2003, Smith filed a motion to vacate void sentence, arguing that he was improperly sentenced as a recidivist. Following the denial of that motion, Smith appeals. We agree that Smith was improperly sentenced and remand the case for resentencing.

Smith was sentenced as a recidivist pursuant to OCGA § 17-10-7 (c), which provides that "any person who, after having been convicted . . . for three felonies . . . commits a felony within this state . . . must, upon conviction for such fourth offense . . . serve the maximum time provided. . . ." One of the three prior felonies used by the trial court was a 1975 guilty plea to five counts of burglary. In the superior court's "Order of Commitment" on that plea, Smith was convicted on those counts and ordered committed to the Department of Family and Children Services.

Smith argues that the 1975 plea cannot be used to support a recidivist sentence because he was 16 years old when the acts were committed, and there is no order transferring the case from the juvenile court to the superior court. The State argues that Smith was sentenced pursuant to the Youthful Offender Act and cites *Lazenby v. State*, 221 Ga. App. 148, 150 (3) (470 SE2d 526) (1996), as authority for the proposition that Smith's 1975 guilty plea resulted in a felony conviction which could be used for purposes of recidivist sentencing.

We reject the State's argument because the Youthful Offender Act is inapplicable here for two reasons. First, a youthful offender is at least 17 but less than 25 years of age at the time of conviction. Ga. L. 1972, p. 592, § 2 (g) (predecessor to OCGA § 42-7-2 (7)). At the time the offenses were committed, Smith was 16 years old and therefore could not have been sentenced pursuant to the Act. Second, the Youthful Offender Act impacts a sentence not a conviction. *Lazenby*, supra, 221 Ga. App. at 150 (3).

Under the commitment order, the superior court adjudicated Smith guilty as an adult and convicted him of felonies. However, under former Code Ann. § 24A-301 (b) (predecessor to OCGA § 15-11-28 (b) (1)), the superior court has concurrent jurisdiction over juvenile defendants where a child commits a delinquent act that would be considered a crime if tried in a superior court *and* "for which the child may be punished by loss of life or confinement for life in the penitentiary." Burglary is not a crime punishable by loss of life or confinement for life. See OCGA § 16-7-1 (burglary punishable by no more than 20 years of imprisonment). Therefore, the superior court did not have jurisdiction over Smith's case when it convicted him of the burglaries. Compare *Couch v. State*, 253 Ga. 764 (1) (325 SE2d 366) (1985) (superior court properly exercised jurisdiction over juvenile charged with murder and other crimes that were punishable by life imprisonment or death); *Hicks v. State*, 146 Ga. 706, 708 (92 SE

216) (1917) (juvenile court did not deprive superior court of jurisdiction where juvenile was charged with burglary, as former state constitution provided that superior court shall have exclusive jurisdiction in all cases where the offender is subject to loss of life or *confinement*). The juvenile court had exclusive original jurisdiction over Smith as he was under the age of 17 when he committed the delinquent acts, and the matter did not present a circumstance where the superior court had concurrent jurisdiction. See former Code Ann. §§ 24A-301 (a) (1) (A); 24A-401 (c) (1); see also former Code Ann. § 24A-401 (e) (1) (defining "delinquent act" as an act designated a crime by law).

As the disposition on Smith's 1975 guilty plea to five counts of burglary did not constitute a valid felony conviction for purposes of recidivist sentencing under OCGA § 17-10-7 (c), the trial court erred in denying Smith's motion to vacate void sentence. We therefore affirm the judgment of conviction but vacate the recidivist sentence and remand for resentencing consistent with this opinion.

*Judgment of conviction affirmed. Sentence vacated and case remanded for resentencing. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 4, 2004.

*August F. Siemon III*, for appellant.

*Robert E. Keller*, District Attorney, *Staci L. Guest*, Assistant District Attorney, for appellee.

