## A08A1396. LIKELY v. THE STATE.
### (667 SE2d 648)

MIKELL, Judge.

Alex Jerome Likely appeals the trial court's order denying his motion to withdraw his guilty plea to one count of child molestation.

---

Because withdrawal of the plea is not necessary to correct a manifest injustice, we affirm.

On October 12, 2005, following a hearing at which he was represented by counsel, Likely entered a negotiated guilty plea to one count of child molestation, under an accusation charging him with touching his penis to the vagina of K. A., a 13-year-old girl, with the intent to arouse his own sexual desire in violation of OCGA § 16-6-4. Pursuant to the negotiated plea, he was sentenced to twenty years, with ten to serve in confinement.[1] Likely had originally been arrested on charges of rape, child molestation, aggravated child molestation, false imprisonment, and battery. In exchange for his plea of guilty to the child molestation count, the state dismissed the charges of rape and aggravated child molestation. On October 27, 2005, Likely filed a pro se motion to withdraw his guilty plea, and he was appointed new counsel the next day. The motion was denied following a hearing held on October 11, 2006. Likely appeals, contending that the withdrawal of his plea is necessary to correct a manifest injustice because he is innocent of the crime charged and because the state failed to show that his guilty plea was entered intelligently and voluntarily. We disagree.

"After sentence is pronounced, a guilty plea may be withdrawn only to correct a manifest injustice."[2] In addressing the motion to withdraw the plea, "the trial court is the final arbiter of all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm."[3] Because a ruling on a defendant's motion to withdraw a guilty plea is within the discretion of the trial court, we will not disturb a trial court's refusal to permit withdrawal of the plea absent a manifest abuse of discretion.[4]

> When a defendant enters a plea of guilty, and subsequently challenges the validity of the guilty plea, the state may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea.[5]

---

[1] The trial court also revoked Likely's probation under a 15-year sentence imposed in 1993 on drug-related charges.

[2] (Footnote omitted.) *Brown v. State*, 280 Ga. App. 767, 772 (2) (634 SE2d 875) (2006).

[3] (Citations omitted.) *Schlau v. State*, 282 Ga. App. 460, 461 (1) (638 SE2d 895) (2006).

[4] *Rocha v. State*, 287 Ga. App. 446, 449 (2) (651 SE2d 781) (2007).

[5] (Citation and footnote omitted.) *Brown v. State*, 259 Ga. App. 576, 577 (578 SE2d 188) (2003).

YALE LAW LIBRARY

In this case, the state has met its burden by showing from the record, which contains a transcript of the guilty plea hearing, that Likely was cognizant of the rights he was waiving and of the possible consequences of his plea. At the guilty plea hearing, Likely was represented by counsel, and Likely acknowledged that he was satisfied with his counsel's representation. Likely informed the trial court that he could read and write, and that he had read, understood, and signed the "Plea of Guilty/Acknowledgment and Waiver of Rights" form. Likely also stated that he was not under the influence of any alcohol or drugs, except for blood pressure and diabetes medications, which he asserted did not affect his ability to read or to understand the proceedings. Likely told the trial court that he understood that he was charged with child molestation, and that the maximum sentence he could receive for that crime was 20 years. He stated that he understood that he had not yet been indicted for the crime of child molestation, and that he had the right to insist upon indictment by a grand jury. He understood that, upon his entry of a guilty plea, he would be waiving the right to a trial by jury and other attendant rights. When the trial court asked him if he was pleading guilty of his own free will, Likely answered, "My own free will." When the accusation against him was read aloud, Likely stated that he understood the charge against him, that he had done the act described in the accusation, and that he was pleading guilty because he was, in fact, guilty. Likely further stated that no one had promised him anything of value or threatened him with harm to cause him to plead guilty. His counsel, Katie Anderson, then explained to the judge that Likely had originally been charged with rape, aggravated child molestation and child molestation, and that in exchange for his plea of guilty to the child molestation charge, the state would dismiss the rape and aggravated child molestation charges, which carried greater potential penalties than the child molestation charges. The trial court then accepted Likely's plea.

Likely alleges on appeal that he was innocent of the charges against him and that he did not want to enter a plea of guilty. At the hearing on the motion to withdraw the guilty plea, both Likely and Anderson testified to the fact that Likely was not initially inclined to enter a guilty plea. Likely testified at the withdrawal hearing that Anderson advised him to plead guilty in order to avoid a life sentence on a possible charge of kidnapping. He testified that he pleaded guilty to the charge of child molestation because Anderson "put fear in me. She scared me into taking the plea." Likely testified that at the time he entered his plea, he had been "going through . . . a lot of stuff" and that he "just couldn't function right at that time."

Anderson, supervising attorney in the Barrow County public defender's office and a criminal defense attorney since 1987, also

testified at the withdrawal hearing. According to her testimony, she spent a "considerable amount" of time with Likely while representing him; she obtained witness statements and a police report from the state; and she interviewed potential witnesses on his behalf. She testified that she reviewed the "Plea of Guilty/Acknowledgment and Waiver of Rights" form with Likely, as well as the possible maximum sentence; that Likely understood the charges against him and the rights he was waiving in making his guilty plea; and that his plea was entered knowingly and voluntarily. She also testified that Likely had not originally intended to plead guilty, and that she had earlier obtained from him a signed rejection of the state's guilty plea offer. After she told state's counsel that Likely had rejected the plea offer, Likely sent word to her through a bailiff that he wanted to talk to her. Anderson testified that Likely told her that he had changed his mind and that he wished to plead guilty. Likely told Anderson that he hoped to be granted parole before the expiration of his sentence, but Anderson told him not to count on that. According to Anderson's testimony, Likely did not express any doubts about his guilty plea from that time until he entered the plea.

The plea transcript demonstrates that the trial court made careful inquiry showing that Likely fully understood the nature of the charge against him, the rights he was relinquishing, and the consequences of his plea.[6] Thus, the state has met its burden of demonstrating that the plea was intelligently and voluntarily entered.[7] The record contains no evidence, other than Likely's own self-serving statements during the withdrawal hearing, that he labored under any impairment[8] or that he was subjected to duress at the time of the guilty plea proceeding.[9] On the contrary, the record shows that he understood the proceedings and that the decision to plead guilty was his alone. Any conflict between Likely's testimony at the withdrawal hearing and his testimony at the plea hearing "is a matter of witness credibility, which the trial court was authorized to decide against him."[10]

---

[6] See *Niako v. State*, 271 Ga. App. 222, 227 (609 SE2d 154) (2005) (defendant's allegations at withdrawal hearing that he was "confused and scared" when he entered guilty plea were insufficient to overturn trial court's denial of motion to withdraw plea, where plea transcript showed plea was voluntary, intelligent and knowing).

[7] See *Rocha*, supra at 448-449 (2).

[8] See *Brown*, supra, 259 Ga. App. at 578.

[9] See *Frost v. State*, 286 Ga. App. 694, 697 (1) (649 SE2d 878) (2007) ("Duress is a question of fact for the trial court to resolve, whose decision we will only reverse if it constitutes an abuse of discretion") (punctuation and footnote omitted). See also *Niako*, supra.

[10] (Footnote omitted.) *Niako*, supra. Accord *Frost*, supra at 696-697 (1).

YALE LAW LIBRARY

We conclude that, on this record, the trial court did not manifestly abuse its discretion by denying Likely's motion to withdraw his guilty plea.[11]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 3, 2008.

*McArthur & McArthur, John J. McArthur*, for appellant.
*Richard K. Bridgeman, District Attorney, Edward L. Butler IV, Assistant District Attorney*, for appellee.

---

[11] See *Voils v. State*, 266 Ga. App. 738, 742 (2) (598 SE2d 33) (2004).