A09A0282. ROBERTSON v. THE STATE.
(676 SE2d 871)

MIKELL, Judge.

Ladontae Rashad Robertson appeals the trial court's order denying his motion to withdraw his guilty plea to the offenses of

---

armed robbery and possession of a firearm during the commission of a crime. Because we find no abuse of discretion in the trial court's denial of Robertson's motion to withdraw, we affirm.

On August 2, 2005, Robertson was indicted, along with co-defendant Wendell Lamar Hebreard, on charges of armed robbery (Count 1) and possession of a firearm during the commission of a crime (Count 2). The indictment alleged that on June 23, 2005, when Robertson was 17 years old, he and Hebreard took a tan Nine West purse and a pink wallet from their female victim by use of a firearm. On July 12, 2006, following a hearing at which he was represented by counsel, Robertson entered a nonnegotiated guilty plea to both counts and was sentenced on Count 1 to twenty years, sixteen to serve in confinement, and on Count 2 to five years probation, to be served consecutively. On August 9, 2006, Robertson filed a pro se motion to withdraw his guilty plea. Following a hearing at which Robertson was represented by new counsel, the trial court denied the motion to withdraw. Robertson appeals, asserting that his plea was not voluntarily entered and was invalid because he was denied effective assistance of counsel.

Once a defendant challenges the validity of a guilty plea, the state bears the burden of showing that the plea was entered voluntarily, knowingly, and intelligently,[1] that is, "that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea."[2] The state may meet its burden "by making a showing on the record that the defendant was cognizant of his rights and the waiver of those rights, or by using extrinsic evidence that shows affirmatively that the guilty plea was entered knowingly and voluntarily."[3] In ruling on a motion to withdraw a guilty plea, "[t]he trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice."[4] Moreover, "a ruling on a motion to withdraw a guilty plea [after sentencing] is within the sound discretion of the trial court, said discretion not to be disturbed on the appellate level unless manifestly abused."[5]

In this case, the state has met its burden by showing that Robertson was cognizant of the rights he was waiving and of the possible consequences of his plea.[6] Robertson was represented by

---

[1] *Bazemore v. State*, 273 Ga. 160, 161 (1) (535 SE2d 760) (2000).

[2] (Citations omitted.) *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998).

[3] (Citation omitted.) *Bazemore*, supra.

[4] (Citations omitted.) *Cazanas*, supra, citing Uniform Superior Court Rule 33.12.

[5] (Citations omitted.) *Thomas v. State*, 231 Ga. 298, 300 (1) (201 SE2d 415) (1973); accord *Likely v. State*, 293 Ga. App. 484, 485 (667 SE2d 648) (2008).

[6] See *Brown v. State*, 259 Ga. App. 576, 578 (578 SE2d 188) (2003).

counsel at the guilty plea hearing. On examination by the trial court, Robertson acknowledged that he could read and write; and he told the court that he understood that, upon entry of a guilty plea, he would be waiving the right to a trial by jury and other attendant rights. He further stated that no one had promised him anything of value, nor had anyone threatened, forced, or coerced him, in order to cause him to enter a plea of guilty. He informed the court that he was pleading guilty "freely and voluntarily." When the charges against him were read aloud, Robertson stated that he understood the charges against him and that he was, in fact, guilty of each offense. At the hearing on Robertson's motion to withdraw his plea, Robertson acknowledged that at the time of his plea, his counsel had informed him that he faced up to twenty-five years in prison (twenty for armed robbery,[7] followed by five for possession of a firearm during the commission of a felony[8]).

At the sentencing portion of the plea hearing, Robertson's counsel argued in mitigation that Robertson had admitted to his involvement in his statement to police; that he was 17 years old at the time the offenses occurred; that he had never before been convicted of a felony; that he had a history of mental problems, including bipolar disease; and that he had "borderline intelligence" and was "easily influenced." Counsel acknowledged that the mental health evaluations obtained by the state and by the defense indicated that Robertson was competent to stand trial.

At the hearing on the motion to withdraw, Robertson's trial counsel testified that he did "extensive research" on the case; he met with his client; and he visited the crime scene and spoke to the victims. He also filed several motions, including a motion to sever, which was granted; a motion to suppress testimony concerning identification from the photographic lineup; and a *Jackson-Denno* motion to suppress Robertson's custodial statement. Counsel advised Robertson that it was in his best interest to enter a plea, in light of the fact that his statement to police had been ruled admissible at trial, and considering the fact that Hebreard had been convicted in a separate trial, even though Hebreard had never given a statement to police admitting to the crime, and even though Robertson had not testified at Hebreard's trial. Counsel further testified that after the jury had been selected, Robertson indicated to counsel that he wanted to enter a plea; and that in the opinion of counsel, Robertson fully understood what he was doing in pleading guilty.

---

[7] See OCGA § 16-8-41 (b).
[8] See OCGA § 16-11-106 (b).

1. On appeal, Robertson contends that the plea was the result of coercion by his attorney and was invalid, because he did not have the opportunity to speak to his mother before he entered his plea and because she was not present in the courtroom when he pled guilty. Robertson cites no authority for this contention, and we have found none.[9] The record reflects that the trial court made careful inquiry showing that Robertson fully understood the nature of the charges against him and the rights he was relinquishing in making the plea. Thus, the state has met its burden of demonstrating that the plea was intelligently, knowingly, and voluntarily entered.[10]

Robertson's mother testified that she visited her son on the Monday evening before the plea hearing on Wednesday morning; and that she was not in the courtroom when Robertson entered his plea, "because [she] had already left the courtroom, because [she] had to speak with someone." The guilty plea hearing was delayed because Robertson's mother was not present, but eventually the judge began the hearing without her. The mother did not reappear until the hearing was concluded and Robertson had already entered his plea.

Whether Robertson suffered coercion or duress is a question of fact for resolution by the trial court, and this Court will reverse the trial court's ruling only if it constitutes an abuse of discretion.[11] We find that the trial court did not abuse its discretion in denying Robertson's motion to withdraw the plea on this ground.

2. In a related enumeration of error, Robertson asserts that he received ineffective assistance of counsel in entering his guilty plea. We conclude that this enumerated error is without merit.

Although it is clear that "[e]ven a defendant who waives his right to trial and enters a guilty plea is entitled to effective legal assistance,"[12] a defendant challenging a guilty plea on grounds of ineffective assistance of counsel bears the burden of making a two-prong showing: "[h]e must demonstrate that his counsel erred and also establish the reasonable probability that, but for counsel's

---

[9] Cf. *Duncan v. State*, 176 Ga. App. 652, 654 (2) (337 SE2d 433) (1985) (the fact that the 17-year-old defendant was not allowed to speak with his parents after his arrest did not provide a basis for exclusion of his custodial statement).

[10] See *Likely*, supra at 487.

[11] See *Frost v. State*, 286 Ga. App. 694, 696-697 (1) (649 SE2d 878) (2007) (evidence of sleep deprivation, lack of needed medications, psychological turmoil, and loss of confidence in trial counsel gave rise to fact issue for resolution by trial court); accord *Rocha v. State*, 287 Ga. App. 446, 450 (2) (a) (651 SE2d 781) (2007) (it was for trial court to resolve conflict in evidence as to whether defendant was impaired by prescription drugs at plea hearing); *Niako v. State*, 271 Ga. App. 222, 227 (609 SE2d 154) (2005) (whether defendant's plea was involuntary because defendant was confused and scared at plea hearing was a fact issue for resolution by the trial court).

[12] (Citation omitted.) *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).

errors, he would not have pleaded guilty and would have insisted on going to trial."[13]

Robertson reasons that his counsel erred in failing to introduce at a *Jackson-Denno*[14] hearing evidence of Robertson's mental health evaluations; that had this evidence been tendered, Robertson's custodial statement would have been suppressed and Robertson would have insisted on a trial.

The record reflects, however, that at the time of the *Jackson-Denno* hearing, which occurred on March 24, 2006, these mental health evaluations were not yet available. The court ordered a mental health evaluation of Robertson on January 24, 2006, after Robertson's counsel presented to the court a letter from Robertson's doctor, indicating that Robertson had mental problems. Subsequently, two evaluations, one court-ordered and one obtained by the defense, were performed in May 2006; both evaluations found that Robertson was competent to stand trial. Neither evaluation addressed the issue of Robertson's competence at the time he gave the incriminating statement. Robertson cites no case holding that there must be a second *Jackson-Denno* hearing when mental health evaluations indicating that the defendant was "easily led" are obtained subsequent to the original *Jackson-Denno* hearing. Nor have we found any such authority. Thus, Robertson's contention that his counsel erred is without merit.

We further note that, contrary to Robertson's contention,

> his age of 17 does not affect the admissibility of the statement. He does not fall within the definition of "child" under OCGA § 15-11-2. Therefore, as an adult he is not entitled to the higher degree of court scrutiny awarded juveniles in determining the "knowing and voluntariness" of their confessions.[15]

At the *Jackson-Denno* hearing, a police officer testified that Robertson was advised of his *Miranda* rights, including his right to remain silent and his right to have counsel present; and that Robertson indicated that he understood those rights and signed the waiver form. The officer also testified that he neither threatened Robertson nor made any promise of benefit in order to secure a statement from Robertson. The interview with Robertson was recorded on videotape and lasted between 45 minutes and an hour. The

---

[13] (Citation and punctuation omitted.) Id.; accord *Franklin v. State*, 291 Ga. App. 267, 268 (661 SE2d 870) (2008).

[14] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[15] (Citation omitted.) *Duncan*, supra. See OCGA § 15-11-2 (2) (A).

trial court determined that Robertson's custodial statement was given freely and voluntarily. Although the state bears the burden of proving voluntariness by a preponderance of the evidence in a *Jackson-Denno* proceeding,[16] we conclude that the record of the hearing shows that "the state carried its burden sufficiently to support the trial judge's finding of voluntariness and ultimate admissibility" of Robertson's custodial statement.[17] The appellate court "must accept those factual determinations made by the trial court unless those findings are shown to be clearly erroneous."[18] We find no clear error.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 31, 2009 

*Joseph S. Key*, for appellant.

*Kelly R. Burke, District Attorney, Venita S. McCoy, Assistant District Attorney*, for appellee.

---

[16] *Jones v. State*, 245 Ga. 592, 598 (4) (266 SE2d 201) (1980).

[17] See id.

[18] (Citations omitted.) Id.