## A98A0561. REDD v. THE STATE.
### (502 SE2d 467)

BLACKBURN, Judge.

Richard Redd was convicted on two counts of child molestation. Redd now appeals, contending that the evidence against him was insufficient to support the verdict, that the trial court gave an erroneous charge on the affirmative defense of accident, that the trial court failed to charge the jury on mistake of fact, and that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Redd] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. . . . The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." (Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

K. M., the nine-year-old niece of Redd's girl friend, N. H., testified that Redd rubbed her "boobs" and her "privates" beneath her nightgown and panties one night when she slept in the same bed with N. H. and Redd. Redd stopped when K. M. told him to do so. K. M. later described what had happened to her that night to her friend, A. Z., and her preacher, Randy Strickland. Both of these witnesses testified that K. M. had told them that Redd had rubbed her "private parts." In addition, K. M. described the incident to Melinda Quinn, a social service specialist with the Department of Family & Children Services, and Investigator David Potts. Based on K. M.'s testimony

and the testimony of the corroborating witnesses, there was sufficient evidence, under the standard of *Jackson v. Virginia*, supra, to convict Redd for child molestation.

2. In several enumerations of error Redd takes issue with the substance of the trial court's charge on the affirmative defense of accident. Each of Redd's enumerations lacks merit.

(a) Redd contends that the trial court committed reversible error by not reiterating the State's burden of proof at the time the charge on accident was given. We disagree.

"[Redd] is not entitled to a new trial because the trial court did not expressly instruct the jury that it was the State's burden to disprove the defense of accident beyond a reasonable doubt. Where, as here, the court charges the jury on the elements of the defense of accident, the presumption of innocence, the burden of proof in general, criminal intent, and the burden to prove the elements of the crimes alleged in the indictment, it is not error to fail to again instruct on the State's burden in the context of the accident defense." *Ross v. State*, 268 Ga. 122, 125 (7) (485 SE2d 780) (1997).

(b) Redd contends that the trial court committed reversible error by not charging the jury that "an affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it." We disagree.

Although Redd argues that the jury could not have understood its duty without a definition of affirmative defense, "the charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same. . . . We do not believe that the charge as a whole would mislead a jury of average intelligence." (Punctuation omitted.) *Leigh v. State*, 223 Ga. App. 726, 731 (3) (478 SE2d 905) (1996).

(c) Redd contends that it was reversible error for the trial court to charge the jury that "[a]ny evidence as to misfortune or accident should be considered by you in connection with all the other evidence in the case. If in doing so you should entertain a reasonable doubt as to the guilt of the accused, then it would be your duty to acquit. On the other hand, should you believe from the evidence as a whole that the Defendant is guilty beyond a reasonable doubt, *it would be your duty to convict.*" (Emphasis supplied.) Specifically, Redd argues that the trial court should have substituted the phrase "you may convict" for the highlighted language.

"Although this instruction [as given] has been criticized, it does not constitute reversible error. Considered in the context of the charge as a whole, the single objectionable phrase did not misdirect the jury concerning their lawful obligations." (Citation and punctuation omitted.) *Garren v. State*, 220 Ga. App. 66, 68 (6) (467 SE2d 365) (1996).

3. Redd contends that the trial court committed a reversible error by not charging the jury on mistake of fact. For the first time on appeal, Redd argues that he mistakenly thought that he was groping his girl friend instead of nine-year-old K. M. However, the evidence of record presented at trial did not warrant a charge on mistake of fact, and, accordingly, this enumeration has no merit. See *Stewart v. State*, 257 Ga. 211, 213 (4) (356 SE2d 515) (1987). Moreover, Redd did not preserve this issue for consideration on appeal, as neither a request for such charge was made nor was an objection made with regard to its omission. See, e.g., *Funderburk v. State*, 221 Ga. App. 438, 440 (3) (471 SE2d 535) (1996).

4. Redd contends that he received ineffective assistance of counsel, alleging numerous errors made by his attorney including, among other things, insufficient preparation and investigation, failure to impeach witnesses, failure to call character witnesses, failure to consider the defenses of mistake of fact and sleepwalking, and failure to request charges on certain lesser included offenses.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [Redd] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. See also *Bowley v. State*, 261 Ga. 278 (4) (404 SE2d 97) (1991). Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121-122 (2) (453 SE2d 443) (1995). In addition, "[t]here is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Punctuation omitted.) *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996).

The record contains evidence that Redd's counsel adequately investigated and prepared his case and that she had strategic reasons for not impeaching certain witnesses, including the victim, for not calling certain other witnesses, including character witnesses, and for not requesting charges on the lesser included offenses of simple battery and sexual battery, assuming without deciding that such lesser included offenses were applicable. In addition, the record reveals that the evidence made available to Redd's counsel did not support either a mistake of fact defense or a sleepwalking defense in the manner which Redd contends. As such, Redd's claims are meritless.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

Decided April 15, 1998 —
Reconsideration denied May 27, 1998 — 

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer*, for appellant.

*Timothy G. Madison, District Attorney, James L. Moss, Jr., Robin R. Riggs, Assistant District Attorneys*, for appellee.