## A05A0984. TERRELL v. THE STATE.
### (618 SE2d 175)

MILLER, Judge.

David Timothy Terrell pled guilty to child molestation on April 30, 2004. Terrell appeals from the trial court's order denying his motion to withdraw his guilty plea. We find no error and affirm.

The record shows that on May 18, 2004, Terrell filed a pro se motion to change his guilty plea to not guilty. At Terrell's sentencing hearing on May 26, 2004, Terrell withdrew this motion. The trial court then sentenced Terrell to thirty years, with the last ten years to be served on probation.

The trial court held a second sentencing hearing on June 23, 2004, at which Terrell was resentenced to twenty years, with the last five years to be served on probation. Before resentencing, the trial court explained to Terrell that the first sentence was in error because the trial court had acted under the mistaken belief that Terrell had previously been found guilty of child molestation. The trial court afforded Terrell an opportunity to withdraw his guilty plea because Terrell had entered the plea with the understanding that the maximum sentence was 30 years and not the actual maximum sentence of 20 years. Terrell chose not to withdraw his guilty plea and affirmed the withdrawal of his pro se motions.

Terrell made a post-sentencing motion to withdraw his guilty plea which was heard by the trial court on December 1, 2004. The trial court entered an order on December 6, 2004, denying Terrell's motion to withdraw, and Terrell appeals from this order.

1. Terrell claims the trial court erred in denying his motion to withdraw his guilty plea because he had moved to change his plea to not guilty before he was sentenced. We disagree.

OCGA § 17-7-93 (b) provides: "At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty'; and the former plea shall not be admissible as evidence against him at his trial." Before sentencing, this is an unqualified right. See *Thompson v. State*, 218 Ga. App. 444, 446 (462 SE2d 404) (1995). However, inasmuch as the record shows that Terrell knowingly and voluntarily withdrew his pre-sentencing motion to change his plea to not guilty, the trial court did not err in denying Terrell's post-sentencing motion to withdraw his guilty plea. See *Camp v. State*, 147 Ga. App. 114, 115 (1) (248 SE2d 286) (1978).

2. Terrell further contends that the trial court erred in denying his motion to withdraw because his trial counsel rendered ineffective assistance in failing to obtain a psychiatric evaluation. We disagree.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.

(Punctuation and footnotes omitted.) *Hill v. State*, 267 Ga. App. 357, 357-358 (599 SE2d 307) (2004).

At the hearing on his motion to withdraw, Terrell made no showing that had his trial attorney arranged for a mental evaluation, the evaluation would have shown the existence of a psychiatric defense. Compare *Curry v. Zant*, 258 Ga. 527, 529 (371 SE2d 647) (1988) (guilty plea and death sentence set aside where evidence showed defendant's major psychiatric illness through psychologists' affidavits and testimony). The trial court heard no testimony or other evidence regarding Terrell's mental condition at the hearing on the motion to withdraw. The court heard only the representation of Terrell's appellate counsel that Terrell had informed him that morning that (i) Terrell was classified as a mental health patient and was undergoing a mental evaluation at prison, (ii) Terrell had suffered a brain injury in a childhood accident that interfered with his academic abilities, and (iii) Terrell had a high IQ. "No mental evaluation was

offered during the hearing . . . ; therefore, [Terrell] failed to show that further investigation would have established a valid psychiatric defense. Speculation is insufficient to satisfy the prejudice prong of *Strickland* [*v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)]." *Cormier v. State*, 277 Ga. 607, 609 (2) (a) (592 SE2d 841) (2004). We find no merit in Terrell's claim that the trial court erred in denying his motion to withdraw his guilty plea on account of ineffective assistance of counsel.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 21, 2005.

*Cork & Cork, Patrick C. Cork*, for appellant.
*J. David Miller, District Attorney, Bradfield M. Shealy, Tracy K. Chapman, Assistant District Attorneys*, for appellee.