A06A0263. NICELY v. THE STATE.
(625 SE2d 538)

PHIPPS, Judge.

Laquincy Nicely was convicted of burglary, cruelty to children, and robbery. He appeals the denial of his motion for new trial. He contends that the trial court violated his right to counsel by denying his pretrial request to discharge his court-appointed lawyer and substitute another in his place. He charges his court-appointed attorney with ineffectiveness in failing to call one of the subpoenaed defense witnesses to the stand. Finding no error in the trial court's denial of Nicely's motion for new trial on either ground, we affirm.

The incidents giving rise to this case occurred on May 4, 2003. Nicely was arrested in short order, and attorney Todd Lord was appointed to represent him on May 27. Denied bond, Nicely remained in jail for over a year before the trial began on Monday, July 12, 2004. On the preceding Thursday, Nicely informed Lord that he no longer wanted his legal services. As a result, a hearing was held on Friday, July 9. When the court asked Nicely why he was dissatisfied with counsel's services, he complained of counsel's failure to have interviewed all defense witnesses. Nicely further stated that his family was in the process of retaining another lawyer to represent him, although they had not yet done so and he did not know when they would do so. Lord informed the court that he had talked to all of the defense witnesses, except for one who had failed to return his numerous telephone messages, and that he was prepared for trial. The court ruled that the trial would be held on Monday as scheduled, and that Nicely could either be represented by Lord, secure the services of another attorney by Monday, or represent himself.

At trial, Nicely was represented by Lord. The state's evidence showed that Nicely was part of a group of 18 and 19 year olds who lived in the same community with 13-year-old Everett Parker. On the day in question, Nicely and his group of friends were hanging out in the neighborhood when Parker attempted to join them. The older boys, however, made Parker leave. According to Parker, Nicely broke into his house later that day, physically assaulted him, and took a radio. Four of Nicely's friends appeared as defense witnesses and

gave testimony contradicting Parker's version of the events. They also testified that Nicely had been with them at the time Parker claimed Nicely was at his house.

In his motion for new trial, Nicely charged Lord with ineffectiveness in failing to present the testimony of Debbie Taylor, who lived near Parker and would have testified that she actually saw him get into a fight with someone other than Nicely on the day in question. At the hearing on the motion for new trial, Lord testified that he had thought it would be poor strategy to call Taylor to the stand, because she also would have testified that she saw Nicely go into Parker's house at the time in question in contradiction to the testimony of all other defense witnesses. Lord further testified that he therefore advised Nicely that Taylor should not be called as a defense witness, but that he left the ultimate decision as to whether to call Taylor as a witness to Nicely, and that Nicely decided not to call her. Nicely admitted at the hearing that, in consultation with Lord, he had decided not to call Taylor to testify.

1. The trial court did not abuse its discretion in denying Nicely's request to discharge his court-appointed attorney and replace him with another attorney.

> While an indigent defendant accused of a crime for which imprisonment is possible is entitled to have reasonably effective counsel provided to assist him, he is not entitled to counsel of his own choosing. A request by an indigent criminal defendant to discharge one court-appointed counsel and have another substituted in his place addresses itself to the sound discretion of the trial court.[1]

If the defendant does not have good reason for discharging his court-appointed counsel, the trial court does not abuse its discretion by requiring him to choose between representation by that attorney and proceeding pro se.[2] Here, the trial court was authorized to find that Nicely did not have good reason to discharge Lord, and that he was attempting to use the discharge and employment of other counsel as a dilatory tactic.[3]

2. Nicely has not shown that Lord was ineffective in recommending that the defense not present Taylor's testimony to the jury.

In the exercise of his reasonable professional judgment Lord was authorized to conclude that, in its totality, Taylor's testimony was

---

[1] *Durham v. State*, 185 Ga. App. 163, 164 (1) (363 SE2d 607) (1987) (citations omitted).

[2] *Jefferson v. State*, 209 Ga. App. 859, 861 (1) (434 SE2d 814) (1993).

[3] See *Bryant v. State*, 268 Ga. 616, 617 (2) (491 SE2d 320) (1997).

more damaging than beneficial to the defense.[4] Therefore, Lord's decision after consultation with Nicely not to call Taylor as a witness was a matter of trial strategy not amounting to ineffective assistance of counsel.[5]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 4, 2006.

*Dexter M. Wimbish*, for appellant.
*N. Stanley Gunter*, District Attorney, *Kerry I. Banister*, Assistant District Attorney, for appellee.

---

[4] See generally *Bryant v. State*, 274 Ga. 798, 799 (2) (560 SE2d 23) (2002).
[5] See generally *Freeman v. State*, 269 Ga. App. 435, 439 (3) (a) (604 SE2d 280) (2004).