A06A1186. ALLEN v. THE STATE.
(635 SE2d 884)

BARNES, Judge.

Walter Glenn Allen appeals his convictions, after a jury trial, for rape, incest, cruelty to children, and two counts of aggravated child molestation. Allen contends his convictions must be reversed because the State did not present sufficient evidence to authorize a conviction of rape or cruelty to children, his trial counsel was ineffective because he failed to call a witness or object to a jury charge, and the trial court should have merged the count of rape with the count of incest and merged the two counts of aggravated child molestation with the one count of rape. Finding no reversible error, we affirm Allen's convictions.

The evidence adduced at trial showed that the victim was 13 years old when Allen married her mother and came to live with the victim, her mother, and her younger stepbrother and stepsister. At this time and for the next two years, Allen often approached the victim, mostly while she was in bed, to fondle, rub, and kiss her, or partake in oral, vaginal, and anal sex with her.

[14] *Pless v. State*, 279 Ga. App. 798 (6) (633 SE2d 340) (2006).

The victim's brother and sister, who sleep in the same room as the victim, often woke up at night or early morning and saw Allen standing beside or lying in the victim's bed. The victim's mother often saw Allen leave the children's bedroom at night, and he would explain that he went in to "cover them up." Scared, embarrassed, and worried about how her mother would react to Allen's actions, the victim waited two years to tell her mother about these occurrences. Subsequently, the victim was examined by a sexual assault nurse, who testified that the victim admitted to being raped and sodomized almost every night for over a two-year period. The nurse observed that the victim's rectal opening was torn and began to bleed immediately upon examination.

1. Allen first contends that the evidence was insufficient for a jury to find him guilty of rape, contending specifically that the State failed to prove that the victim did not consent to sex. A man commits rape when he uses his male sex organ to penetrate a female's sex organ forcibly and against her will. OCGA § 16-6-1. On appeal, we review the evidence in the light most favorable to the verdict and determine if a rational trier of fact could find all the essential elements of the crime charged beyond a reasonable doubt. We do not weigh the evidence or judge the credibility of witnesses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence demonstrates that when the victim was 13 years old Allen forcibly placed his penis in her vagina and made two or three painful thrusts as she was fighting him off. As a victim's testimony, without more, is sufficient to sustain a conviction, *Siharath v. State*, 246 Ga. App. 736, 739 (2) (541 SE2d 71) (2000), it follows that the State presented sufficient evidence for a jury to find that Allen committed rape.

2. Allen also contends that the State presented insufficient evidence for a jury to find him guilty of cruelty to children. "[A] person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-5-70 (b). Upon reviewing the trial transcript, we find that there was sufficient evidence from which the jury could find that Allen committed the offense of cruelty to children.

3. Allen also contends that his defense counsel was ineffective. An appellant claiming ineffectiveness of counsel must establish that counsel's performance was deficient and that it prejudiced the defense. If appellant fails to prove deficiency, this court does not need to inquire into defense counsel's alleged prejudice. "On appeal, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citations omitted.) *Morris v. State*, 280 Ga.

179, 180 (3) (626 SE2d 123) (2006); see also *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

Allen alleges that his defense counsel was deficient because she failed to call Allen's biological brother as a witness and failed to object when the trial court repeated the jury charge on similar transaction evidence. With regard to the deficiency prong, there is a strong presumption that trial counsel's performance is not deficient but falls within the wide range of reasonable trial strategy, in which unwise tactics do not amount to ineffective assistance of counsel. *Redd v. State*, 232 Ga. App. 666, 668 (4) (502 SE2d 467) (1998). Decisions about which witnesses to call and whether to object to a particular jury charge are generally matters of trial strategy, *Nicely v. State*, 277 Ga. App. 140, 142 (2) (625 SE2d 538) (2006), and provide no grounds for reversal unless they are so patently unreasonable that no competent attorney would have chosen that tactic. *Godfrey v. State*, 274 Ga. App. 237, 239 (1) (a) (617 SE2d 213) (2005).

As these claims of ineffectiveness of counsel relate to matters outside of the record, the trial counsel's testimony is required to evaluate the claim. See *Dawson v. State*, 258 Ga. 380, 381 (3) (369 SE2d 897) (1988). Even though an evidentiary hearing was held, Allen did not call his defense counsel to testify, and without trial counsel's testimony, her actions are presumed strategic. *Redd*, supra, 232 Ga. App. at 668. Therefore, Allen did not establish that his trial counsel's performance was deficient.

4. Finally, Allen contends that the trial court should have merged the counts of rape and incest, as well as the counts of rape and the two counts of aggravated child molestation for acts of anal intercourse and oral sex.

Offenses may merge either as a matter of law or as a matter of fact. *Bellamy v. State*, 243 Ga. App. 575, 581 (5) (530 SE2d 243) (2000). Under our law, offenses merge if one offense is included in the other either as a matter of law or as a matter of fact. *Daniels v. State*, 278 Ga. App. 332, 337 (3) (629 SE2d 36) (2006). Allen's aggravated child molestation, rape, and incest charges did not merge as a matter of law because they are separate legal offenses. See *McMillian v. State*, 263 Ga. App. 782, 786 (4) (589 SE2d 335) (2003). Moreover, to determine if the offenses merge as a matter of fact, we review evidence introduced at trial, and if the State used the same evidence or specific act to prove that the defendant committed one offense as it used to prove another offense, the two offenses are merged. *Edmonson v. State*, 219 Ga. App. 323 (1) (464 SE2d 839) (1995).

The victim's testimony and other evidence showed that the victim suffered well over two separate acts of sexual intercourse and additional instances involving oral or anal sex with her stepfather, Allen. Consequently, it cannot be said that the convictions were based

on the same evidence. Compare *Smith v. State*, 160 Ga. App. 26, 28-29 (4) (285 SE2d 749) (1981) (where defendant is charged with multiple counts of same offense, and neither different set of facts nor different dates are alleged, only one conviction can stand).

Thus, here there was no merger of offenses, and the trial court did not err in so finding.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED AUGUST 25, 2006.

*Bruce K. Gray*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.