A07A0087. McDOWELL v. THE STATE.
(639 SE2d 644)

BLACKBURN, Presiding Judge.

Following the denial of his motion to withdraw his guilty plea to two counts of kidnapping[1] and two counts of aggravated assault,[2] Terrance McDowell appeals, contending that the trial court abused its discretion by accepting his plea without fully investigating whether he was competent to tender it. For the reasons set forth below, we affirm.

The record shows that in December 2005, McDowell was indicted on two counts of aggravated assault, two counts of kidnapping, two counts of aggravated sodomy, two counts of aggravated battery, three

[2] Id.
[3] *In re Estate of Battle*, 263 Ga. App. 73, 74 (587 SE2d 140) (2003) (citation omitted).
[1] OCGA § 16-5-40 (a).
[2] OCGA § 16-5-21 (a).

counts of simple battery, two counts of cruelty to children, one count of burglary, one count of rape, one count of possession of a weapon during the commission of a crime, and one count of theft by taking of a motor vehicle. Prior to his entering any plea, the trial court ordered McDowell to undergo a psychiatric examination to determine whether he was competent to stand trial and whether he was criminally responsible for his actions at the time he committed the charged offenses. Approximately one month later, the trial court received a report regarding that examination, indicating that McDowell was taking medications for various mental health problems but that the auditory and visual hallucinations of which McDowell complained were most likely feigned. The report concluded that McDowell was competent to stand trial and was responsible for his actions.

During his subsequent plea and sentencing hearing, McDowell was asked by the trial court as to whether he understood the charges against him, and he responded affirmatively. He further responded that although he was currently taking medications for mental health problems, he understood the rights he was waiving by pleading guilty and agreed that his plea was made freely and voluntarily. Consequently, the trial court accepted McDowell's plea of guilty to two counts of kidnapping and two counts of aggravated assault and sentenced him to twenty years for each count to be served concurrently. Two months later, however, McDowell moved to withdraw his guilty plea. After a hearing, the trial court denied his motion, and this appeal followed.

McDowell contends that the trial court abused its discretion in accepting his guilty plea and not granting his motion to withdraw that plea. Specifically, he argues that the trial court should have more fully investigated his mental health status and whether he was competent to tender a guilty plea before accepting it. We disagree. "After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion." *Ramsey v. State.*[3] An example of manifest injustice warranting withdrawal is when a guilty plea is entered involuntarily or without an understanding of the nature of the charges. *State v. Evans.*[4] When a defendant so challenges the validity of his guilty plea, "the state bears the burden of showing that the plea was made voluntarily, knowingly and intelligently." *Williams v. State.*[5]

---

[3] *Ramsey v. State,* 267 Ga. App. 452 (600 SE2d 399) (2004).
[4] *State v. Evans,* 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).
[5] *Williams v. State,* 279 Ga. App. 388, 389 (631 SE2d 417) (2006).

Contrary to McDowell's contention, the trial court did not fail to investigate fully whether McDowell was competent enough to voluntarily, knowingly, and intelligently enter a guilty plea. Based on the report regarding McDowell's psychiatric examination, the trial court was well aware at the time of his guilty plea of the medications McDowell was taking as well as of the opinion of the examiner that McDowell was feigning hallucinations and that he was competent to stand trial. In addition, prior to tendering his guilty plea, McDowell was specifically asked by the trial court whether his prescribed medications affected his ability to understand the plea proceedings, and he responded that they did not. The trial court had no duty to make any further inquiries into the medications' effect on McDowell's ability to competently tender his plea, and its determination that McDowell was competent will not be disturbed. See *Brown v. State*.[6] The record thus demonstrates that McDowell's guilty plea was made voluntarily, knowingly, and intelligently. See *Reese v. State*.[7] Accordingly, the trial court did not abuse its discretion by denying McDowell's motion to withdraw his guilty plea.

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED DECEMBER 7, 2006.

*Leon Hicks*, for appellant.

*Jewel C. Scott, District Attorney, Melvin Abercrombie, Assistant District Attorney*, for appellee.

---

[6] *Brown v. State*, 259 Ga. App. 576, 578 (578 SE2d 188) (2003).

[7] *Reese v. State*, 242 Ga. App. 204, 205 (529 SE2d 196) (2000).

