A08A0961. ADAMS v. THE STATE.
(680 SE2d 429)

MILLER, Chief Judge.

In 2007, Allen Alphonzo Adams, with the assistance of counsel, negotiated a guilty plea to one count of possession of cocaine (OCGA § 16-13-30). The trial court accepted the guilty plea and followed the State's recommendation to impose: (1) seven years probation; (2) drug and substance abuse treatment; and (3) banishment from Putnam County. The sentence was to run consecutive to the prison sentence that Adams was then serving. Thereafter, Adams filed a pro se motion to modify sentence, which the trial court denied. Adams, again pro se, now appeals from the trial court's order denying his motion to modify sentence. He appears to argue that the trial court erred in (i) entering an improper revocation order, (ii) failing to apply the rule of lenity to his case, and (iii) imposing a banishment provision beyond the limits of the State. He also appears to challenge the trial court's failure to provide him with drug rehabilitation as part of his sentence. Finding no error, we affirm.

1. Adams asserts a nonspecific claim that the trial court improperly revoked the balance of his sentence. This claim is unsupported by the record and we decline to consider it. Court of Appeals Rule 25 (c) (2) (claim of error not supported by citation of authority or argument is deemed abandoned).

2. Adams next contends that the trial court's imposition of the banishment condition was against public policy because the banishment extended beyond this State. Again, we disagree.

The plea hearing transcript shows that Adams' guilty plea was freely and voluntarily entered into with a full and complete understanding and waiver of his rights. Because Adams agreed to the sentence against him as a part of a negotiated plea, he has waived the right to challenge the conditions of his sentence on appeal. See *Phillips v. State*, 236 Ga. App. 744, 746 (1) (512 SE2d 32) (1999) ("[W]hen a person knowingly and voluntarily enters into a negotiated plea agreement and accepts the conditions of his or her probation in open court, he or she waives the right to challenge the issue on appeal.") (citation and punctuation omitted).

Even if the claim had not been waived, it would fail. A trial court

has broad discretion in fashioning reasonable probation conditions, including banishment of a defendant from certain counties within the State. See *Hallford v. State*, 289 Ga. App. 350, 353 (2) (657 SE2d 10) (2008) (banishment from counties within the State has been upheld as a reasonable probation condition); *Massey v. State*, 229 Ga. App. 123, 123-124 (493 SE2d 255) (1997) (probation condition of banishment from counties in Southern judicial circuit for seven years was reasonable). The burden is on the defendant to show the probation condition is unreasonable. *Presha v. State*, 220 Ga. App. 124, 125 (469 SE2d 293) (1996). Adams made no such showing. Here, the trial court, as a condition of probation, banished Adams from entering one county only, Putnam County, which is clearly within the territorial limits of this State.

3. Adams argues the trial court erred in failing to apply the rule of lenity to his case.

This claim of error is also waived because Adams raises it for the first time on appeal. *Phillips*, supra, 236 Ga. App. at 746 (1). Notwithstanding the foregoing, "[t]he rule of lenity applies when a statute . . . establishes . . . different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment." (Citation omitted.) *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007). Adams cites no ambiguity in OCGA § 16-13-30, the statute under which he was sentenced, and we find none. Accordingly, the rule of lenity is inapplicable.

4. Finally, Adams argues that the trial court and/or the State failed to address his drug rehabilitation needs. We disagree.

Although the sentence was not made a part of the record on appeal, the plea hearing transcript clearly reflects that a provision for drug treatment was included in the trial court's sentence at Adams' request.

For the reasons set forth above, we affirm the trial court's order denying Adams' motion to modify sentence.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 27, 2009 —
RECONSIDERATION DENIED JUNE 25, 2009 — 

Allen A. Adams, *pro se.*

*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.