## A09A0984. FRYE v. THE STATE.
(680 SE2d 431)

JOHNSON, Presiding Judge.

On May 15, 2007, Maury Wayne Frye was indicted for incest in Bibb County. On January 22, 2008, after the trial court denied Frye's motion to appoint new trial counsel, Frye pled guilty to the lesser offense of child molestation. Following sentencing, Frye moved to withdraw his guilty plea. The trial court denied Frye's motion, and Frye appealed to this Court. Through his newly-appointed appellate

---

counsel, Frye claimed that he had received ineffective assistance from his trial counsel, and we remanded the case to the trial court for a hearing on that claim. Following the hearing, the trial court again denied Frye's motion to withdraw his guilty plea. Frye appeals, claiming that he received ineffective assistance from his trial counsel and that the trial court erred in denying his request to appoint new trial counsel and in refusing to allow him to withdraw his guilty plea. We find no error, however, and affirm.

1. Frye first claims that the trial court erred in denying his motion to replace his trial counsel. A request by an indigent criminal defendant to discharge one court-appointed counsel and have another substituted in his place addresses itself to the sound discretion of the trial court.[1]

Here, Frye claimed that his trial counsel failed to meet with him for the first several months of the representation and failed to review the discovery with him. The trial court noted, however, that Frye had been represented by trial counsel since shortly after his indictment and did not voice any concern about his representation until the day that a jury was to be selected. The trial court also determined that trial counsel was prepared to proceed to trial, had spoken to all necessary witnesses, and had secured an expert witness to testify in Frye's defense.

"An indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place."[2] Instead, an indigent defendant must demonstrate "justifiable dissatisfaction with counsel, such as conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between counsel and client."[3] Here, the trial court did not abuse its discretion in determining that Frye's request was a dilatory tactic and that he had not presented a justifiable reason to replace his trial counsel.[4]

In addition, while Frye claims that the trial court also erred in not allowing him to proceed pro se or to retain private counsel, such assertions are belied by the record. The transcript reveals that Frye sought the discharge of his current court-appointed counsel and his replacement with another court-appointed counsel. Frye did not request to proceed pro se or to retain private counsel, nor did the trial court deny any such request. As a result, this claim of error is

---

[1] *Nicely v. State*, 277 Ga. App. 140, 141 (1) (625 SE2d 538) (2006).

[2] (Citation and punctuation omitted.) *Bryson v. State*, 282 Ga. App. 36, 41 (3) (638 SE2d 181) (2006).

[3] (Citation and punctuation omitted.) *Bryant v. State*, 268 Ga. 616, 617 (2), n. 4 (491 SE2d 320) (1997).

[4] See *Bryson*, supra.

meritless.

2. Frye also claims that the trial court erred in denying his request to withdraw his guilty plea. A ruling on a motion to withdraw a guilty plea "lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion."[5] A guilty plea may be withdrawn only to correct a manifest injustice,[6] and when the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily.[7]

Here, the record and plea transcript show compliance with the procedures required under Uniform Superior Court Rule 33 in order to establish that a guilty plea was validly entered. First, the trial court determined that Frye's plea was voluntary. Frye testified that he was 41 years old and could read, write, and understand the English language. Frye denied being under the influence of any drugs or alcohol. He affirmed that it was his choice to plead guilty and that no promises, force, or threats were used to influence that decision. Frye also acknowledged that he had thoroughly discussed the plea with his attorney and that he was satisfied with his attorney's services. Second, the trial court confirmed that Frye understood the nature of the charge and the sentencing range it carried and enumerated all the rights that Frye waived by his decision to enter a plea.

Finally, the trial court heard the factual basis for the plea. It was alleged that in August 2006, Macon police officers discovered Frye near a parked car with his pants undone. Frye's 14-year-old biological daughter, who was in the car, told the officers that Frye had had sexual intercourse with her, and a DNA test of semen found in her vagina matched the DNA sample collected from Frye. While Frye did not deny having sexual intercourse with the victim, he asserted that he did not know the girl was his daughter.

On appeal, Frye claims that his plea was not knowingly and voluntarily made because he was an alcoholic, suffered from "extreme" memory loss, had had nightmares about his commission of the crime, had previously been under the care of a mental health counselor, and had not been taking his prescribed medications. However, consideration of a defendant's competency to make a valid plea is a factual issue for the trial court.[8] Here, Frye testified at the

---

[5] (Citation and punctuation omitted.) *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

[6] *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).

[7] Id.

[8] *Schlau v. State*, 282 Ga. App. 460, 462 (3) (638 SE2d 895) (2006).

plea hearing that he was not under the influence of alcohol and that he understood the nature of the charges, the effect of his plea, and each of the rights he was waiving. In addition, the state introduced evidence that, at the time of the plea, Frye had been incarcerated for more than one year, during which time he had access to medical care and was not under the influence of alcohol. Given that evidence supported the trial court's finding that Frye's plea was knowingly, intelligently, and voluntarily made, the trial court did not abuse its discretion in denying Frye's motion to withdraw his guilty plea based on this claim.[9]

3. Frye also asserts that he should be allowed to withdraw his guilty plea because his trial counsel was ineffective. When a motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.[10] The trial court's findings of fact in such regard are subject to a "clearly erroneous" standard of review.[11]

First, Frye claims that his trial counsel was ineffective in failing to request a psychological examination, which allegedly would have shown that he was not competent to knowingly, intelligently, and voluntarily enter a guilty plea. While Frye's trial counsel acknowledged that Frye seemed to suffer from problems with his memory, Frye failed to offer the results of any mental evaluation at either of the hearings on his motion to withdraw his plea. As a result, Frye can only speculate that a mental evaluation would have shown that he was not competent to enter a valid plea. Such speculation is insufficient to establish a reasonable probability that any deficient representation resulted in Frye entering a guilty plea instead of insisting on a trial.[12]

Frye also claims that his trial counsel was ineffective in forwarding to him a plea offer that was meant for another client and in failing to ensure that he understood the statutory range of his sentence. The record shows, however, that the letter in which Frye's trial counsel included the other client's plea offer was sent to Frye in August 2007, and that trial counsel informed Frye later that month that he had sent the letter in error and that the plea offer it contained was not available to him. Frye presented no evidence that trial counsel's mistake led him to plead guilty some five months

---

[9] See *McDowell v. State*, 282 Ga. App. 754, 756 (639 SE2d 644) (2006).
[10] *Johnson*, supra at 900 (2).
[11] Id.
[12] See *Terrell v. State*, 274 Ga. App. 539, 540 (2) (618 SE2d 175) (2005).

later.[13]

As evidence that trial counsel failed to ensure that Frye understood the statutory range applicable to the child molestation offense to which he was pleading, Frye showed that when the trial court inquired if he understood the plea recommendation, he responded that he did and that it was "zero to twenty." The trial court immediately informed Frye that child molestation was a *five-* to twenty-year felony. Frye affirmed that he understood the statutory range, and proceeded to plead guilty. Even assuming that trial counsel failed to properly ensure that Frye understood the statutory range, Frye's alleged confusion was corrected before he entered his plea, and he has presented no evidence that he otherwise would have insisted on proceeding to trial. Given that the record supports the trial court's determination that Frye understood the sentencing range prior to entering his plea, the trial court did not clearly err in denying Frye's motion to withdraw his guilty plea.[14]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MAY 28, 2009 —
RECONSIDERATION DENIED JUNE 17, 2009.

*Bernadette C. Crucilla*, for appellant.
*Howard Z. Simms, District Attorney, Dorothy V. Hull, Assistant District Attorney*, for appellee.

[13] See generally *Florence v. State*, 246 Ga. App. 479, 481 (5) (539 SE2d 901) (2000).
[14] See *Johnson v. State*, 275 Ga. 538, 540 (2) (570 SE2d 289) (2002).