## A09A1660. BELL v. THE STATE.
(691 SE2d 259)

BARNES, Judge.

Richard James Bell was found guilty of theft by shoplifting and sentenced to ten years, with three of the years probated. Bell filed a motion for new trial, which he later amended, that the trial court subsequently denied. Following the trial court's grant of his motion for an out-of-time appeal, Bell appeals the denial of his motion for new trial and contends that trial counsel was ineffective. Upon our review, we affirm.

> On appeal from a criminal conviction, the evidence is reviewed in the light most favorable to the jury's verdict. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Williams v. State*, 299 Ga. App. 345, 346 (682 SE2d 586) (2009).

So viewed, the evidence shows that on July 27, 2003, an assistant manager at K-Mart was closing the store when the security alarm went off. The security display indicated that the alarm was set off in the garden department. When he arrived in the garden department, the manager noticed an open sliding glass door leading to a fenced-in area. The manager saw a man climb over the fence into the parking lot. Another employee, who had approached the garden area from outside the store, retrieved a bag containing children's clothing which the manager valued at approximately $200 near the fence.

Another store employee approached an off-duty police officer with the City of Covington Police Department who was shopping in the store, and the officer "looked down towards the garden center and observed a black male running from the garden center." The officer saw the man crouch behind a parked car, until a tan car came

and picked him up. The officer called an on-duty officer with a description of the suspect and the car. A department sergeant was patrolling in the area, and located the suspect and the tan car at a gas station. The sergeant identified the suspect as Bell, whom he had known "for years." He further testified that Bell said that he was at K-Mart earlier in the garden center and that he "had left some stuff behind there." Bell agreed to ride back to the store with the officer where the manager positively identified him as the man he saw climbing over the fence.

Bell contends that trial counsel was ineffective for failing to subpoena or interview certain defense witnesses, and in failing to object to certain testimony that improperly put his character into evidence.

In order to prove his claim of ineffective assistance of counsel, Bell must establish both prongs of the test set out in *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984): (1) that his trial counsel's performance was deficient and (2) that counsel's inadequate performance "so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency." (Punctuation and footnote omitted.) *Ward v. State*, 274 Ga. App. 511, 514 (4) (618 SE2d 154) (2005). "Failure to satisfy either prong of this two-part test is fatal to an ineffective assistance claim." (Footnote omitted.) Id. at 515 (4).

With regard to the deficiency prong, there is a strong presumption that trial counsel's performance is not deficient but falls within the wide range of reasonable trial strategy, in which unwise tactics do not amount to ineffective assistance of counsel. *Redd v. State*, 232 Ga. App. 666, 668 (4) (502 SE2d 467) (1998). Decisions about which witnesses to call are generally matters of trial strategy, *Nicely v. State*, 277 Ga. App. 140, 142 (2) (625 SE2d 538) (2006), and provide no grounds for reversal unless they are so patently unreasonable that no competent attorney would have chosen that tactic. *Godfrey v. State*, 274 Ga. App. 237, 239 (1) (a) (617 SE2d 213) (2005).

At the motion for new trial hearing, trial counsel testified that Bell gave him the names of two potential witnesses. He was unable to locate one of the witnesses, and the other witness was the female who was with Bell when he was arrested. Trial counsel testified that his decision to not subpoena her as a witness was a strategic one based on their defense of misidentification. We do not find this strategy so unreasonable as to warrant a finding that trial counsel was ineffective.

Bell maintains that trial counsel was also ineffective for failing to object to his character being put into issue by evidence of his prior history with one of the police officers. Bell contends that a police

officer's testimony that he and Bell "had a knowledge of each other outside of this incident," and the officer's asking Bell why had he gotten himself "in trouble again," put his character into evidence.

Trial counsel testified that he did not object to the testimony because of the similar transaction evidence that the State was going to introduce of Bell's prior shoplifting convictions, and the jury "would be aware of the fact that he had been in trouble before." As noted before, instances of reasonable trial strategy provide no basis for an ineffectiveness claim. See *Wilburn v. State*, 278 Ga. App. 76, 78 (2) (b) (628 SE2d 174) (2006).

Therefore, as Bell cannot demonstrate any deficiency by his trial counsel to support his claims of ineffective assistance, *Sims v. State*, 278 Ga. 587, 589 (3) (604 SE2d 799) (2004), the trial court did not err in denying Bell's motion for new trial.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 15, 2010.

*Reed Edmondson, Jr.*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Clint C. Malcolm, Assistant District Attorney*, for appellee.