### A10A0165. SHAW v. THE STATE.

(691 SE2d 267)

JOHNSON, Presiding Judge.

John Shaw was indicted for the offenses of aggravated assault, making terroristic threats, and possession of a firearm by a convicted

felon. Following a hearing at which he was represented by counsel, Shaw entered a nonnegotiated guilty plea on all three counts. The trial court sentenced him to a total of 30 years, 15 of which would be served in custody, followed by 15 years on probation. While represented by new counsel, Shaw filed a motion to withdraw his guilty plea. Shaw appeals from the trial court's order denying his motion. Finding no abuse of discretion in the trial court's decision, we affirm.

1. Shaw contends that the trial court erred in finding that his guilty plea was knowing and voluntary, because there was evidence that he suffered from medical and mental health problems and was under the influence of medication when he entered his guilty plea.

Once a defendant challenges the validity of a guilty plea, the state bears the burden of showing that the plea was entered voluntarily, knowingly, and intelligently; that is, "that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea."[1] The state may meet its burden by (1) showing on the record that the defendant was cognizant of his rights and the waiver of those rights, or (2) using extrinsic evidence that shows affirmatively that the guilty plea was entered knowingly and voluntarily.[2] In ruling on a motion to withdraw a guilty plea, "the trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice."[3] Moreover, a ruling on a motion to withdraw a guilty plea after sentencing is within the sound discretion of the trial court, and that discretion will not be disturbed on appeal unless it has been manifestly abused.[4] In this case, the state has met its burden by showing that Shaw was cognizant of the rights he was waiving and the consequences of his plea.[5]

At the beginning of the plea hearing, the trial court asked Shaw a series of questions, including whether Shaw understood the charges against him, that he faced a 30-year sentence, that he had a right to a jury trial, and that he was waiving certain rights by pleading guilty. Shaw responded affirmatively. The court asked Shaw if anyone forced him to plead guilty, to which Shaw replied, "No, sir." The court also asked Shaw if he was satisfied with his attorney's representation, adding that if he had any issues with her representation, "now is the time to speak up." Shaw said he was satisfied and

---

[1] (Citation and punctuation omitted.) *Robertson v. State*, 297 Ga. App. 228, 229 (676 SE2d 871) (2009).

[2] Id.

[3] (Citation and punctuation omitted.) Id.

[4] Id.

[5] See id.

indicated that he understood that he needed to voice any concerns he had. On examination by the state, Shaw denied being under the influence of any drugs or medication that would affect his ability to understand the proceedings, denied being promised anything or threatened in any way in order to secure his guilty plea, and said he understood that he did not have to enter the plea and could go to trial.

The state then gave the factual basis for the plea, stating that Shaw walked around his mobile home park carrying a shotgun and ordered his neighbor to come outside to fight. The neighbor called 911, and Shaw got into his car and drove off. Police issued a lookout for the car. When officers spotted the car and tried to initiate a traffic stop, Shaw continued driving. One officer tried to block Shaw's car by stopping in the roadway. Instead of stopping, Shaw rammed into the police car, injuring the officer.

In response, trial counsel informed the court that Shaw's wife died about one month before the charged event occurred, that Shaw was devastated, that Shaw suffers from several medical problems, including leukemia and degenerative back disease, that Shaw attempted suicide about one month before pleading guilty, and that he was seeing a psychologist. Trial counsel stated that, although Shaw was taking several medications, "in talking with him, he is aware, he's asked all the right questions. I feel confident he knows exactly what he's doing here today." Counsel added that Shaw had a lengthy criminal history and would qualify for recidivist treatment, that they were ready for trial but wanted to resolve the case without a trial, and that the state agreed not to seek recidivist treatment if Shaw pled guilty.

Shaw and his trial attorney signed a Notice of Rights form. In it, Shaw acknowledged, among other things, that he understood the charges against him, that he was giving up his right to a jury trial, that he was pleading freely and voluntarily, that there was a factual basis for his plea, that he knew what the maximum sentences for the crimes were, that he read the plea document, and that he understood he was waiving the rights listed. Trial counsel testified that she reviewed the form with Shaw, marking off the items after reading each sentence to him. The trial judge also signed the form, certifying that he "made inquiry" of Shaw and was satisfied that Shaw was acting freely and voluntarily in entering the guilty plea. The court then sentenced Shaw to a total of 30 years, 15 of which would be served in prison.

At the hearing on the motion to withdraw the plea, Shaw's trial counsel testified that Shaw was lucid throughout their discussions, and that he was responsive, understood her role as his attorney, and understood that he was charged with a crime. Trial counsel testified

YALE LAW LIBRARY

that she knew Shaw was depressed but, based on her ten years of experience in criminal defense, he did not appear to be incompetent or in need of a psychiatric evaluation before pleading. Trial counsel and Shaw discussed at length whether he would be better off going to trial or pleading guilty in light of his medical problems and possible recidivist treatment. Counsel recalled a meeting with Shaw and his sister prior to the plea date in which Shaw's sister questioned the plan to plead guilty. Shaw told his sister, "I don't have a choice, you know, if I go to trial, I'm going to be convicted and looking at recidivist treatment." When asked at the plea withdrawal hearing who decided to plead guilty, trial counsel replied that it was Shaw's decision, after discussing his options with her, to enter the guilty plea. The prosecutor noted that had Shaw not pled guilty, the state would have sought recidivist treatment, and that Shaw would have faced a sentence of 30 years without parole.

Our review of the record does not support Shaw's argument that his plea was not knowingly and voluntarily entered. The trial court had no duty to make any further inquiries into Shaw's competence before accepting the guilty plea.[6] The trial court did not abuse its discretion in denying Shaw's motion to withdraw the plea.[7]

2. In a related enumeration of error, Shaw contends that he received ineffective assistance of counsel in entering his guilty plea. This enumeration is without merit.

Although it is clear that "even a defendant who waives his right to trial and enters a guilty plea is entitled to effective legal assistance," a defendant challenging a guilty plea on grounds of ineffective assistance of counsel bears the burden of making a two-prong showing: "he must demonstrate that his counsel erred and also establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[8]

Shaw states that his trial counsel erred in failing to seek independent advice from a doctor or mental health professional about his mental status or competence, and that a professional could have advised counsel that Shaw needed treatment or could not fully understand what he was doing in pleading guilty. With such advice, he urges, counsel could have postponed the plea until a later date when Shaw might have declined to plead guilty and proceeded to trial. However, Shaw failed to offer the results of any mental evaluation at the hearing on his motion to withdraw his plea. As a

---

[6] See *McDowell v. State*, 282 Ga. App. 754, 756 (639 SE2d 644) (2006).

[7] See id.; *Robertson*, supra at 231 (1).

[8] (Citation and punctuation omitted.) *Robertson*, supra at 231-232 (2); see *Sims v. State*, 299 Ga. App. 698, 700 (1) (683 SE2d 668) (2009).

result, Shaw can only speculate that a mental evaluation would have shown that he was not competent to enter a valid plea.[9] Such speculation is insufficient to establish a reasonable probability that any deficient representation resulted in Shaw entering a guilty plea instead of insisting on going to trial.[10]

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 15, 2010.

*David D. Marshall*, for appellant.
*David McDade, District Attorney, Marc A. Watkins, Assistant District Attorney*, for appellee.

---

[9] See *Frye v. State*, 298 Ga. App. 415, 418 (3) (680 SE2d 431) (2009); *Terrell v. State*, 274 Ga. App. 539, 540 (2) (618 SE2d 175) (2005).

[10] See *Frye*, supra.