**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 21, 2012**

# In the Court of Appeals of Georgia

A12A0031. ADAMS v. THE STATE.

PHIPPS, Presiding Judge.

While represented by counsel, Allen Adams entered a negotiated guilty plea to possession of cocaine. In February 2007, the trial court entered a judgment of conviction and sentence on the plea. Adams subsequently filed motions to withdraw the guilty plea and to vacate the judgment. Adams, acting pro se, appeals from the orders denying those motions. For the reasons that follow, we affirm.

1. Adams contends that the trial court erred in denying his motion to withdraw the guilty plea because the plea was not voluntarily entered. He asserts that the plea was not voluntary because he has a "mental disorder," and that he should have received a mental evaluation before he was allowed to enter the plea, despite not having requested such an evaluation. His argument presents no basis for reversal.

Once a defendant challenges the validity of a guilty plea, the state bears the burden of showing that the plea was entered voluntarily, knowingly, and intelligently; that is, that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea. . . . In ruling on a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice. Moreover, a ruling on a motion to withdraw a guilty plea after sentencing is within the sound discretion of the trial court, and that discretion will not be disturbed on appeal unless it has been manifestly abused.[1]

First, the issue of whether Adams's guilty plea was voluntary has already been decided against him. Adams previously filed an appeal from the denial of his motion to modify the sentence.[2] In that appeal, Adams asserted errors regarding the propriety of a revocation order, the court's failure to apply the rule of lenity, and other provisions of his sentence.[3] We rejected Adams's contentions, holding inter alia that he waived his right to challenge the conditions of his sentence because he had agreed to the sentence as part of a negotiated plea and the plea hearing transcript showed that

---

[1] *Shaw v. State*, 302 Ga. App. 363, 364 (1) (691 SE2d 267) (2010) (footnotes and punctuation omitted).

[2] *Adams v. State*, 298 Ga. App. 518 (680 SE2d 429) (2009).

[3] Id.

his guilty plea was "freely and voluntarily entered into with a full and complete understanding and waiver of his rights."[4] Adams is precluded from relitigating the issue of whether his plea was freely and voluntarily entered.[5]

Second, even if the prior ruling did not preclude consideration of the voluntariness issue raised in this appeal, because Adams did not raise in the trial court the issue of his mental competence to enter a plea, he is precluded from raising it in this appeal.[6]

---

[4] Id. at 518 (2).

[5] See OCGA § 9-11-60 (h) (pertinently providing that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."); *Howard v. State*, 289 Ga. 207 (1) (710 SE2d 761) (2011) (claims appellant had advanced in prior dismissed appeals were not considered in subsequent appeal, as appellant could not relitigate the same issues that the Court had dismissed in his prior appeals); *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court").

[6] See *Cooper v. State*, 287 Ga. App. 901, 903 (2) (652 SE2d 909) (2007) ("issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court."); *Anderson v. State*, 251 Ga. App. 785, 786 (554 SE2d 811) (2001). Compare, e.g., *Shaw*, supra (wherein appellant had raised in the trial court the issue of his mental competence to enter the guilty plea).

Finally, we note that in a case in which a defendant seeks to plead guilty, "[a]s in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence."[7] The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings.[8] A trial court "bears the constitutional duty to inquire into a defendant's [mental] competency where it appears to be in question at the time of trial."[9] There is no indication in the record that the court had any reason to doubt

---

[7] *Godinez v. Moran*, 509 U. S. 389, 402 (II) (B), n. 13 (113 SC 2680, 125 LE2d 321) (1993) (citations omitted). See generally *Ake v. Oklahoma*, 470 U. S. 68, 82-83 (III) (A) (105 SC 1087, 84 LE2d 53) (1985) (noting that a "defendant's mental condition is not necessarily at issue in every criminal proceeding," and that when the defendant is able to make a threshold showing to the trial court that his sanity is likely to be a significant factor in his defense, the need for the assistance of a psychiatrist is readily apparent; holding that when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the state must assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation and presentation of the defense).

[8] *Godinez*, supra at 401 (II) (B), n. 12.

[9] *Lamar v. State*, 278 Ga. 150, 151 (1) (a) (598 SE2d 488) (2004) (citations and punctuation omitted).

Adams's mental competency and to thus order a mental evaluation.[10] The trial court did not abuse its discretion in denying Adams's motion to withdraw the guilty plea.[11]

2. Adams contends that the trial court erred in denying his motion to vacate the judgment. Although his argument is difficult to comprehend, Adams seems to assert that the judgment should have been vacated because he was denied credit for time served and because a condition of his probation was illegal (apparently the condition banishing him from Putnam County).

Adams's argument that he did not receive credit for time served is not properly before us. The duty to award credit for time served prior to trial is upon the Department of Corrections rather than the trial court.[12] Adams's claim regarding the calculation of credit is cognizable only in a mandamus or injunction action against the

---

[10] See *Perry v. State*, 269 Ga. App. 178, 181-182 (2) (603 SE2d 526) (2004) (trial court did not err in not conducting sua sponte a competency hearing or having appellant evaluated before accepting guilty plea where trial court had no information which should have raised a doubt about appellant's competency and alerted court to the possibility that the appellant could not understand the proceedings, appreciate their significance, or rationally aid his attorney in his defense); see also *Shaw*, supra at 364-366 (1).

[11] See *Brown v. State*, 259 Ga. App. 576, 579 (578 SE2d 188) (2003).

[12] *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005).

Commissioner of the Department of Corrections[13] or in a petition for habeas corpus.[14] "The only time we consider such arguments in a direct appeal from the original conviction is where the trial court in its written sentencing order gives gratuitous misdirection to the correctional custodians."[15] In such a case, we remand the case for the trial court to strike the offending language from the order.[16] But inasmuch as the sentencing order in this case gives no such direction, remand is not required.[17]

This court rejected Adams's challenge to the banishment condition of his probation in the earlier appeal because, inter alia, he had agreed to the sentence as part of a negotiated plea agreement.[18] Our ruling in the prior appeal is binding.[19]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[13] See id.

[14] See *Maldonado v. State*, 260 Ga. App. 580, 581 (580 SE2d 330) (2003).

[15] *Cutter*, supra at 890-891 (2) (citation and footnote omitted).

[16] Id. at 891 (2).

[17] See id.

[18] *Adams*, supra at 518-519 (2); see *Darby v. State*, 230 Ga. App. 32, 33 (4) (495 SE2d 146) (1997) (where defendant knowingly and voluntarily entered into a negotiated plea agreement and accepted the conditions of his probation in open court, he waived the right to challenge on appeal the conditions of his probation).

[19] See *Ross*, supra.