A13A2106. HENDERSON v. THE STATE.
(754 SE2d 623)

MILLER, Judge.

Following his plea of guilty to entering an automobile (OCGA § 16-8-18, Count 1), and three counts of burglary (OCGA § 16-7-1, Counts 2, 3, and 4), James Clark Henderson, Jr., acting pro se, appeals the trial court's denial of his motion to modify his resulting sentence. Finding no error, we affirm.

A review of the record shows that, following his indictment, Henderson, represented by counsel, entered into a negotiated plea agreement on May 16, 2012, in which he was sentenced to a total of forty years, to serve ten, with the remainder to be served on probation.[1]

As part of the negotiated plea, Henderson was ordered to pay restitution to the victims in Count 1 in the amount of $1,095 and to the victim in Count 3 in the amount of $260. As part of the negotiated agreement, Henderson also agreed that he would forfeit any and all rights to post-conviction relief. As stated by the trial court and acknowledged by Henderson during the plea hearing, "[y]ou have forfeited by contract any post-conviction relief that you may normally seek. Do you understand that? MR. HENDERSON: Yes, Sir."

Nonetheless, on April 26, 2013, Henderson filed his motion to modify his sentence, contending that the restitution ordered on Count 1 was inappropriate and that his parents were ill and needed him. In a one-sentence order, the trial court denied the motion on May 16, 2013.

---

[1] Henderson was sentenced to five years on Count 1; twenty years on Count 2, concurrent with Count 1; twenty years on Count 3, consecutive to Count 2; and twenty years on Count 4, concurrent with Count 3.

We find that Henderson validly waived his right to post-conviction relief by entering into the plea agreement with the State, which was accepted and approved by the trial court. See *Adams v. State*, 298 Ga. App. 518, 518 (2) (680 SE2d 429) (2009) (having accepted banishment as a condition of probation in a negotiated guilty plea, defendant waived the right to challenge the conditions of probation on appeal); *State v. Barrett*, 215 Ga. App. 401, 404-406 (2) (451 SE2d 82) (1994) (defendant pled guilty and agreed to waive statute of limitation defense in return for first offender treatment). Henderson was represented by counsel during the plea, and the trial court fully informed Henderson of his rights which Henderson voluntarily waived as part of the plea agreement. Therefore, we need not further consider the argument made here.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*

DECIDED FEBRUARY 4, 2014.

James C. Henderson, Jr., *pro se.*
*Fredric D. Bright, District Attorney, Allison T. Mauldin, Assistant District Attorney*, for appellee.