**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
**physically received in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 4, 2014**

# In the Court of Appeals of Georgia

A13A2106. HENDERSON v. THE STATE.

MILLER, Judge.

Following his plea of guilty to entering an automobile (OCGA § 16-8-18, Count 1), and three counts of burglary (OCGA § 16-7-1, Counts 2, 3, & 4), James Clark Henderson, Jr., acting pro se, appeals the trial court's denial of his motion to modify his resulting sentence. Finding no error, we affirm.

A review of the record shows that, following his indictment, Henderson, represented by counsel, entered into a negotiated plea agreement on May 16, 2012, in which he was sentenced to a total of 40 years, to serve ten, with the remainder to be served on probation.[1]

---

[1] Henderson was sentenced to five years on Count 1; 20 years on Count 2, concurrent with Count 1; 20 years on Count 3, consecutive to Count 2; and 20 years on Count 4, concurrent with Count 3.

As part of the negotiated plea, Henderson was ordered to pay restitution to the victims in Count 1 in the amount of $1,095 and to the victim in Count 3 in the amount of $260. As part of the negotiated agreement, Henderson also agreed that he would forfeit any and all rights to post-conviction relief. As stated by the trial court and acknowledged by Henderson during the plea hearing, "[y]ou have forfeited by contract any post-conviction relief that you may normally seek. Do you understand that? MR. HENDERSON: Yes, Sir."

Nonetheless, on April 26, 2013, Henderson filed his motion to modify his sentence, contending that the restitution ordered on Count 1 was inappropriate and that his parents were ill and needed him. In a one sentence order, the trial court denied the motion on May 16, 2013.

We find that Henderson validly waived his right to post-conviction relief by entering into the plea agreement with the State, which was accepted and approved by the trial court. See *Adams v. State*, 298 Ga. App. 518, 518 (2) (680 SE2d 429) (2009) (having accepted banishment as a condition of probation in a negotiated guilty plea, defendant waived the right to challenge the conditions of probation on appeal); *State v. Barrett*, 215 Ga. App. 401, 404-406 (2) (451 SE2d 82) (1994) (defendant plead guilty and agreed to waive statute of limitation defense in return for first offender

2

treatment). Henderson was represented by counsel during the plea and the trial court fully informed Henderson of his rights which Henderson voluntarily waived as part of the plea agreement. Therefore, we need not further consider the argument made here.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*